CITED *in Eames* v. *Stiles*, 2 *Vr.* 493.

---

## HUNT v. CHAMBERS.

1. In replevin, *plea* property in the defendant; replication that the property was not in the defendant, but in the plaintiff. *Hela*,—

2. That under this issue the burthen of proof lies on the plaintiff, who must shew an exclusive right of possession in himself at the time of the commencement of the action.

3. That the *gist* of the issue is property in the plaintiff or not,—and the defendant having traversed the title of the plaintiff, is not bound to prove at the trial the affirmative part or inducement of his plea, but may rebut the proof offered by the plaintiff.

4. That, the defendant might show that he and the plaintiff, were joint owners, in order to rebut the exclusive possession of the plaintiff.

5. *Semble*, that in the Supreme Court in case of verdict for the plaintiff, if the value of the property in dispute exceeds $200, the plaintiff, under the statute, is entitled to costs.

Error to the Supreme Court.

This was an action of replevin brought by Chambers against Hunt to recover a sloop, &c. The defendant below pleaded that the sloop was the property of the defendant, and not of the plaintiff, and prayed a return. Replication that the sloop, &c. at &c. was not the property of the defendant but of the plaintiff, and issue to the country.

At the trial (*Mercer Circuit, Sept. Term*, 1842,) the plaintiff proved the purchase of the vessel by him, and a bill of sale executed to him in his own name. Whereupon the defendant offered to prove, by the admissions of the plaintiff and otherwise, that the vessel was bought by the plaintiff and defendant together, although for certain reasons then existing, the bill of sale was made to the plaintiff; that the defendant owned one half of the vessel; and that the defendant was in the actual possession of the vessel at the time of the purchase, and so continued with the plaintiff's consent, in the double capacity of master and such part owner, up to the commencement of the action. Upon the objection of the plaintiff, this evidence (except so much as went to shew that Hunt was in possession, with Chambers' assent, as master,) was rejected as incompetent. The judge charged, that under this plea of property, the defendant could not shew that he owned one half of the vessel. That the defendant, Hunt, by his plea denied the right of the plaintiff, and said that the sloop was at the time he took her, his sole property, and that on this issue the jury could not find one-half of the vessel only to be the property of the plaintiff, and one-half the property of the defendant. That the plaintiff had proved property by the production of a bill of sale, and was entitled to a verdict unless the defendant could maintain his plea, by shewing title to the whole of the sloop, (at the time when he took her,) or a right to the exclusive possession of her at that time.

Verdict for the plaintiff, with damages six cents, and costs six cents. Bills of exception were taken by the defendant. The plaintiff took his judgment for full costs, which was also assigned as error.

The cause was argued on error in this court by *Hamilton*, and *Vroom*, **r** plaintiff in error, and by *Potts*, and *Halsted*, for defendant. The court (one member dissenting) reversed the judgment of the Supreme Court.

HORNBLOWER, C. J. NEVIUS and WHITEHEAD, JJ. having expressed opinions in the court below, did not sit to hear the argument. RANDOLPH, J. was absent from indisposition.

*For Reversal*—The CHANCELLOR, (Halsted,) CARPENTER‘ ROBERTSON, SPEER, PORTER, SPENCER, and SINNICKSON—7.

*For Affirmance*—SCHENCK—1.

CARPENTER, J. On the question of costs, I assent to the reasoning of the opinion delivered in the court below. 1 *Spenc.* 109. Whatever may be the mere form of the verdict and of the judgment, the plaintiff, in case of success, does in this action recover the goods replevied. In my judgment, it is a reasonable construction of the statute, in accordance with its true intent and meaning, that a plaintiff in replevin, should be allowed costs when he recovers in the Supreme Court, property above the value of two hundred dollars.

In regard to the matter chiefly in controversy in the present instance, whether the judge erred, seems to depend upon the character of the issue formed. It is difficult to see how he can be right in both branches of the doctrine assumed upon the trial. If it was necessary under the issue, for the plaintiff to prove his property and right of possession in the sloop, at the time of bringing the suit—if the *onus* of proof in order to maintain the action was upon him, it seems to follow as a consequence that the defendant would be entitled to rebut such proof. It is certainly true as a general rule that whatever the plaintiff must prove to support his action, the defendant may disprove.

Hunt v. Chambers.

To maintain replevin, the plaintiff must have the right of exclusive possession to the goods in question. He must not only have property absolute or qualified, and the right of possession at the time of the commencement of the action, but he must have the exclusive right of possession. Hence, as clearly appears from the books, one joint-tenant or tenant in common cannot alone maintain replevin even against a stranger, much less can he maintain such action against a co-tenant. *Shaw C. J., Barnes* v. *Bartlett*, 15 *Pick.* 75; *Wills* v. *Noyes*, 12 *Ib.* 326; *McEldery* v. *Flannegan*, 1 *Harr. & Gill*, 308.

By property pleaded is not meant an absolute ownership, but a right of possession; but that right must be of *immediate and exclusive possession*. Property, or what in relation to chattels is the same idea, the right of possession, is drawn in question by the plea of property in the defendant; for the general ownership will not be sufficient if unaccompanied by the right of immediate possession, as in the case of goods bailed and the time of bailment unexpired. *Pain* v. *Whittaker, Ryan & Moody*, 101; *Collins* v. *Evans*, 15 *Pick.* 63.

On property pleaded, and issue thereon, on whom does the *onus* of proof lie? If upon the plaintiff, he must prove such property in the chattels—such right to the exclusive possession at the time of the commencement of the suit, as will enable him to maintain his action. If the plaintiff *must* prove his right to the exclusive possession, it seems to me that the defendant may disprove such exclusive right. What the plaintiff must prove the defendant may disprove. He may, therefore, disprove the *prima facie* right to the possession first exhibited by the plaintiff, and may show that the plaintiff was not entitled to the *exclusive* possession, because he, the defendant, was a joint owner of the sloop, and equally entitled with the plaintiff to the possession. If on the other hand the affirmative of the issue—the burthen of the proof—is upon the defendant, then the judge was right in the rejection of the testimony offered, because in such case the proof of the defendant must correspond with the allegations in his plea. This question was largely discussed in this very cause, in a prior stage, by the Justices of the Supreme Court, and their opinions, exceedingly

variant, will found in 3 *Harr. Rep.* 339. I will remark that although the Justices of the Supreme Court were divided in opinion, and the present question was by no means settled by that court, yet, as I have understood, the opinion of the Chief Justice has since been adopted at the circuits as furnishing the proper rule, and the practice has been accordingly.

The action of replevin is a very peculiar action. It is an action, in which on the allegation of the plaintiff, that his goods and chattels have been taken from his possession by the defendant, those goods and chattels are placed in the keeping of the plaintiff to abide the event of the suit. Although the action when brought is upon the supposition of a prior taking by the defendant out of the possession of the plaintiff, yet that the goods were actually so taken, rests only on the allegation of the plaintiff. Upon such mere allegation, the defendant is removed from his actual possession, and the goods are delivered to the plaintiff. To be sure, the plaintiff before the execution of the writ, must give security for the return of the property in case he should fail in the suit, and a return should be awarded; but even with this guard against abuse, it is a most stringent remedy, and may bear severely on the right of the defendant. It is therefore restricted in its character and application. It is not a mere possessory remedy to restore a possession which however without right, has been wrongfully removed. The plaintiff, as has been already adverted to, must have a property absolute or qualified, and a right to the exclusive possession at the time of the suit brought. He must recover on the strength of his own title. Prior possession is undoubtedly *prima facie* proof of title, and the plaintiff may recover on proof of actual prior possession, and that that possession was amoved by a wrongful taking by the defendant. *Morris* v. *Danielson*, 3 *Hill*, 168; *Nelson, C. J. in Rogers* v. *Arnold*, 12 *Wend.* 32. Such recovery, however, is based upon the presumption of ownership which accompanies actual possession, and doubtless such presumption may be rebutted.

The general issue in replevin is *non cepit*. This plea, however, puts in issue only the taking *modo et forma*, &c., and if the property or right of possession of the plaintiff is to be de-

nied, it must be by a special plea of property in the defendant, or in others. It may be pleaded in bar in connection with the general issue, but it must be pleaded in order to raise this defence. It is a good plea in abatement or in bar to plead property in the defendant, or in a stranger, or in the plaintiff and defendant, or in the plaintiff and a stranger, &c.; specially traversing the plaintiff's allegation in his declaration that the goods are the property of the plaintiff. Upon the plea of property it is not sufficient to allege property in the defendant: such allegation would be but an argumentative denial of the plaintiff's allegation; the plea must go further, and by an express traverse deny that the goods are the property of the plaintiff.

The direct denial under the *absque hoc* is rendered necessary by this consideration : that the affirmative matter taken alone would be only an indirect, or as it is called in pleading, an *argumentative* denial of the precedent statement, and by a well known rule, all argumentative pleading is prohibited. In order, therefore, to avoid this fault of argumentativeness, the course adopted is, to follow up the explanatory matter of the inducement, with a direct denial. *Steph. Pl.* 179, (*Phil.* 1845.) This plea, so selecting some material allegation in the plaintiff's declaration, and after a formal inducement, meeting that allegation by a formal denial, is called a special traverse. The inducement is an indirect denial, the traverse is a formal denial. *Steph. Pl.* 184–5. The inducement is not in the nature of a *confession and avoidance*, a point necessary to be adverted to and understood, and of which a mistaken impression has, in regard to this plea, led to error. This plea does not confess the allegation of property or the right of possession; it does not confess any part of the allegation of the plaintiff and then avoid its effect by new affirmative matter; but it is simply an *indirect denial*, introductory to, and the foundation of, the direct denial which immediately succeeds. *Steph. Pl.* 185–6.

This traverse by the defendant in his plea, if well taken, must be met. The inducement cannot be traversed. If the first traverse be well taken and material, there can be no traverse on a traverse, and upon satisfactory reason. " By the first tra-

verse, a matter is denied by one of the parties, which had been alleged by the other, and which having once alleged it, the latter" (the plaintiff) " is *bound to maintain* instead of prolonging the series of the pleading and retarding the issue, by resorting to a new issue." *Steph. Pl.* 186–7. The meaning of this rule, says Judge Gould, is, that when one party has tendered a *material* traverse, the other cannot leave it, and tender another traverse of his own to the same point, but must join in that first tendered : otherwise the parties might alternately tender traverses to each other, in unlimited succession without coming to an issue. *Gould Pl. p.* 400, *ch.* 7, § 42. Without alluding to the exceptions to this rule, if any, of which the present instance is not one, it is sufficient to say that a traverse can properly be tendered, only on a point material, for the obvious reason that what is immaterial cannot decide the controversy. When the inducement and the traverse, as in the present instance, go to the same point, to wit, a denial argumentatively and directly of the plaintiff's allegation, the traverse is but an inference from the inducement.

As the inducement when the denial under the *absque hoc* is sufficient in law, cannot be traversed, so for the same reasons it cannot be answered by a pleading in confession and avoidance. *Steph. Pl.* 188. Therefore, there can be, in no way, any manner of pleading to the inducement. The traverse must be met by a re-affirmance of the plaintiff's allegation and an issue to the country. The conclusion is with a verification, (although now otherwise in England under the new rules,) because when a special traverse embraces only part of the substance of the adverse pleading, such traverse *may be immaterial.* If so, it *may* be proper for him to whom it is tendered, to answer the inducement. Therefore, a traverse denying a *part* only of what is alleged on the other side, must (regularly) leave the pleadings open, in order to give the adverse party an opportunity to plead to the inducement, if he should judge it safe and proper so to plead. *Gould. Pl. ch.* 7, § 20.

To the plea of property, therefore, by which the defendant, in a formal mode prescribed by the rules of pleading, denies the property in the plaintiff, the plaintiff must reply by reaffirming

his own title, and tendering an issue to the country. The inducement, as it cannot be pleaded to, can of consequence form no part of the issue ; and if it be denied, as has been unnecessarily done in the present instance, such denial is immaterial. It is only necessary for the plaintiff to reaffirm his own title, and such is the mode of pleading adopted in some of the most authoritative precedents. *Lilly's Entr.* 357, 358, 512 ; 2 *Rich. K. B.* 455 ; and other collections that might be cited. If the issue be joined on the reaffirmance by the plaintiff of his allegation, it is obvious that the issue is : *property in the plaintiff or not.*

The affirmative, therefore, is ·on the plaintiff, and such appears to be the result not only on the reasons applicable to this particular issue, but upon the principles which appertain to traverses in general. " It is in the nature of a traverse to deny the allegation in the *manner and form* in which it " (the allegation) " is made ; and *therefore* to put the opposite party " (viz : in this instance the plaintiff) " *to prove it to be true* in manner and form as well as in general effect." *Steph. Pl.* 189–90. Again in the same page, the author proceeds to state as a general principle, that the traverse brings the facts in question, according to the manner and form in which alleged ; and that the opposite party (viz : whose allegation is traversed,) must consequently prove that in substance at least, the allegation is accurately true. This effect of a traverse is given by the author as a reason for accuracy and precision upon the part of the pleader, in adapting the allegation to the true state of the fact ; as otherwise, in case of traverse by the opposite party, there will be the danger of variance in proof. See also *Gould ch.* 3, § 39.

I think these principles, stated on the authority of the eminent writers on the science of pleading, just referred to, must settle the question as to the party upon whom the affirmative lies under the present issue. The plaintiff must prove such an exclusive right of possession in himself as will support replevin, and so are the cases. See *Hubloun's Case, Skin.* 65 ; *Barret* v. *Skinshaw, Comb.* 477, 3 *Vin.* 407–8, *pl.* 50, 51. *Loveday* v. *Mitchel,* (*Comyns* 247) is in point, although not entirely consistent with the later cases in regard to the necessity of a

traverse. The court said, " when the defendant makes cogniz-ance, or avows that the property is in the defendant, it seems to be sufficient; for the defendant cannot conclude to the coun-try, but the plaintiff ought to reply, and *upon that replication* issue shall be joined, and *the property of the plaintiff must be proved.*"

So are the subsequent authorities, and I have been unable after a diligent search, to find a well considered case in which under this plea and issue, the *onus* of the proof was thrown upon the defendant. There is a single *nisi prius* case (*Colstom* v. *Hiscolbs,* 1 *M. & R.* 301) in which the defendant was called upon to begin; but no authorities were cited, and from the mode in which the decision was made, in the haste of a trial at the Circuit, it can have but little weight. See 2d *Greenl. Ev.* § 561, 563, and cases cited. *Bemus* v. *Beekman,* 3 *Wend.* 667 ; *Arn-old* v. *Rogers,* 12 *Ib.* 30.

So is the burthen of proof in case of the plea, *cepit in alio loco,* in which the defendant pleads, that he took the goods at a place different from that laid in the declaration, and *traverses* the place alleged by the plaintiff. The plaintiff must meet this traverse by reaffirming the allegation in his declaration, and tender an issue. On the trial, the *onus* is on the plaintiff, and he must prove a taking (either original or continued) at the place laid in the declaration, or he will fail in the action ; and if the plaintiff has suggested an avowry, a return will be awarded. *Williams* v. *Welsh,* 5 *Wend.* 290 ; 1 *Wms. Saund.* 347 *note.*

The inducement in this plea as in the former, is but an *indi-rect* denial of the allegation in the declaration ; and the traverse is a direct denial, which throws the plaintiff on the proof of his original allegation, *modo et forma.* " The plea of *cepit in alio loco* " (said *Savage, C. J.,* in *Williams* v. *Welsh,*) does not admit the taking as the plaintiff has laid it ; it *traverses the place,* and in this action the place is material. The *plea denies the taking at the place,* an issue was therefore joined upon the place, and the *plaintiff* was bound to prove the taking at the place laid in the declaration."

Besides the technical reason given for its use, the inducement seems to stand in the place of an avowry, and gives a formal

reason on the record why the defendant should have a return. So is the avowry under the plea of *cepit in alio loco*, which is necessary for the sake of a return. Although necessary for the sake of a return, yet it cannot be pleaded to, or traversed, any more than the inducement to the plea of property. 1 *Wms. Saund.* 347, *note.* (1)

The results of these authorities and of this reasoning is, that when issue is joined on a special traverse, the party traversing, in general, is not bound at the trial to prove the affirmative part or inducement, but is entitled, (as in ordinary cases) to insist on the negative of the issue joined. It was so held in a late case in the Common Pleas of England, which has come under my observation since the preparation of this opinion. The declaration was for carelessly impinging with a ship against the plaintiff's bridge, and thereby doing damage. The plea was, that plaintiffs improperly narrowed the channel by an obstruction *without this* (*i. e.* traversing), that the damage was occasioned by the carelessness of the defendants. On motion for a new trial it was held, that under this plea the defendants were entitled to give evidence in disproof of carelessness, after they had failed to establish the obstruction imputed to the plaintiffs; and such evidence having been rejected, the cause was sent back for a second trial. *Cross Keys Co.* v. *Rawlings et al.* 3 *Bingh. N. Cas.* 71.

The burthen of proof, in my judgment, rested upon the plaintiff, it being necessary for him to prove such property in himself as would support replevin, to wit, an exclusive right of possession of the sloop in himself; and the defendant was entitled to rebut such testimony. The defendant did offer to rebut the *prima facie* case shewn by the plaintiff. He offered to prove that he owned one-half of the vessel, and that he was in possession of her by the assent of the plaintiff, in the double capacity of master and joint owner, previous and up to the commencement of the action. This evidence, in my judgment, was lawful and competent, and (except so much as went to shew that Hunt was in possession as master) having been over-ruled, I am of opinion that the judgment must be reversed.

Judgment reversed.

CITED *in Brown* v. *Bissett,* 1 *Zab.* 278; *Chambers* v. *Hunt,* 2 *Zab.* 555.