CHARLES BIERMAN, APPELLANT, v. DAVID REINHORN, RESPONDENT.

Submitted July 12, 1904—Decided November 7, 1904.

1. Unless the plaintiff in replevin shows a right of possession in himself, a judgment for the defendant is lawful.
2. On an appeal from the District Court, only such facts as appear in a case agreed on by the parties or settled and signed by the judge can, according to the act of April 3d, 1902 (*Pamph. L.*, p. 565), be considered in this court.

On appeal from the Newark District Court.

Before Justices DIXON and HENDRICKSON.

For the plaintiff, *James R. Nugent.*

For the defendant, *Michael J. Tansey.*

In consequence of the illness of Justice Hendrickson he has been prevented from taking part in the decision, and the case is decided on the opinion of

DIXON, J. This is an appeal from the Second District Court of Newark against a judgment for the defendant in an action of replevin. The printed book contains what purport to be notes of testimony, taken in the court below, but there is no case settled and signed by the judge, and the only facts appearing to be agreed upon by the parties are. (1) that the plaintiff claimed title to the property in controversy by virtue of a mortgage, dated November 28th, 1903, made to him by Denning and wife, a copy of which is set forth; (2) that Denning obtained possession of the property under a written lease from the defendant, dated September 17th, 1903, a copy of which is set forth; (3) that the defendant took possession of the property about January 20th, 1904;

and (4) that the plaintiff replevied on January 25th, 1904. On referring to the mortgage it appears to entitle Denning to possession until some default occurs, but no default is stated, and likewise the lease entitles Denning to possession until expiration of term, non-payment of rent or certain specified acts by him, but none of these things entitling the lessor, the defendant, to possession is shown. The judgment for the defendant must therefore have rested (if no other facts appeared) on the failure of the plaintiff to prove a right of possession. It could legally rest on that basis and no error in point of law was committed by so adjudging.

The brief submitted for the plaintiff places his claim to relief upon the proposition that the defendant's lease to Denning was a conditional bill of sale and void because not recorded. But the judge has not certified nor have the parties agreed that such is the fact. Facts not shown by one of those means cannot be noticed in this court according to the statute. *Pamph. L.* 1902, *p.* 565.

The judgment of the District Court must be affirmed.