JAMES C. WHITE (FARMERS' RELIANCE INSURANCE COMPANY OF NEW JERSEY, substituted), complainant-appellant,

v.

WILLIAMS C. EVANS et al., defendants-respondents.

[Argued May 17th, 1934. Decided September 27th, 1934.]

*Mr. James Mercer Davis,* for the appellant.

*Mr. Robert J. Tait Paul,* for the respondents.

The opinion of the court was delivered by

PARKER, J.

The essential facts are fully stated in the opinion of the vice-chancellor, and need not be here repeated. The particulars in which the appellant company claims to be aggrieved by the decree below, as set out in the petition of appeal, are: 1. Dismissal of the bill as to defendant Joseph H. Evans. 2. The adjudication that defendants William C. Evans and W. C. Evans Company are entitled to a set-off against the mortgage held by complainant by assignment, and under

foreclosure in this suit, of $8,021.97 the amount of fire loss to real property under the policy issued by complainant to William C. Evans, as ascertained by the vice-chancellor in this cause, with interest thereon. There is a third paragraph in the petition of appeal but in effect it is only a repetition of the above.

1. So far as relates to dismissal of the bill as to Joseph H. Evans, we think the decree should be affirmed. Shortly stated, the point involved was this: William C. Evans held complainant's policy for $10,000 of which $1,500 was upon personal property not covered by the mortgage now held by complainant. He also held complainant's policy for $5,800 on personal property not covered by mortgage. All this personal property was destroyed by fire. The company refused to pay the loss, and Evans sued and recovered a judgment which was affirmed here. *Evans* v. *Farmers' Reliance Insurance Co., 110 N. J. Law 159*. This claim Evans assigned to his brother Joseph. The company claimed that this assignment was fraudulent and that William Evans was the real owner of the claim. The vice-chancellor held the proofs did not show it fraudulent, and we concur in that view, and for the reasons stated by him.

2. As to the other branch of the appeal relating to the realty, the decree must be reversed. The vice-chancellor having found that a fire loss of $8,021.97 to the realty covered by the mortgage had been sustained, adjudged that although the title to the real property had been transferred to the Evans corporation after the issue of the policy, without the assent of the insurance company and without notation of change of ownership as provided thereby, nevertheless because Evans was the owner of all the capital stock of the corporation except two shares in his own name, and really owned the remaining two shares used to qualify two directors of the corporation, he, Evans, as an individual, remained in equity beneficial owner of the real estate for the purposes of the policy, and decreed that "defendants William C. Evans and W. C. Evans Company are entitled" to an offset of the $8,021.97 with interest, as against the mortgage claim. This

of course amounts to saying that a corporation whose stock is all owned by an individual, and the individual himself, are the same entity in equity for the purposes of an insurance policy providing that it shall be voided by change of interest or title. Such a rule we think finds no support in reason nor in the cases. The agreement was: "This entire policy * * * shall be void * * * if any change other than by the death of an insured takes place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured or otherwise * * *." The insured by his voluntary act executed a solemn deed conveying the property absolutely to the trustee which, carrying out its authority, conveyed to a corporation. There surely was a change in the title and a fundamental change. The corporation is not an individual even if the individual owned all the stock of the corporation. It is apparent that there are differences; otherwise there would be no point in having the title in a corporation. A judgment creditor of Evans could not levy on the land, but only on the stock owned by him. Evans could not convey the land; only the corporation could do so. If it be conceded that if Evans owned all the stock, he and the corporation were identical, what is to be said when he sells two thousand five hundred of the five thousand shares, or five hundred of them, or one hundred, or ten, or one share to another party? At what point does the corporation cease to be Evans' and become another person? The idea is in our view fundamentally unsound, and in effect was so pronounced in the very recent case in this court of *Jennings* v. *Studebaker Sales Co., 112 N. J. Law 399,* and in the earlier case of *Jackson* v. *Hooper,. 76 N. J. Eq. 592.*

It follows, therefore, that the claim of the insurance company of non-liability for the fire loss to the real estate because of change of ownership contrary to the terms of the policy, was a sound claim, and should have been sustained in the court of chancery.

This result makes it unnecessary to consider the propriety of that court undertaking to assess the amount of the fire

loss—something ordinarily the exclusive function of a court of law.

The decree will be reversed with instructions to reject the Evans and Evans company claim for fire loss to realty *in toto* on the ground that the company was not liable to them or either of them.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.