PETER GRIMBALIS, PLAINTIFF-APPELLEE, v. LYDIA N. STELLING, LINFAIR, INC., AND FREDERICK J. ISRAEL, TRUSTEE IN BANKRUPTCY OF FRED R. STELLING, BANKRUPT, DEFENDANTS; LINFAIR, INC., DEFENDANT-APPELLANT.

Submitted October 7, 1940—Decided February 18, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the appellant, *Smith & Slingerland* (*Archibald F. Slingerland,* of counsel).

For the appellee, *B. Bayard Strell.*

The opinion of the court was delivered by

PERSKIE, J. The question requiring decision in this replevin action is whether Peter Grimbalis, the plaintiff, is entitled to the possession of certain goods and chattels which he purchased at a sheriff's sale.

The sheriff's sale of the goods and chattels in question has for its basic support a judgment recovered on July 6th, 1934, by one Tillie Weiss against Fred R. Stelling and Lydia N. Stelling, individually. To satisfy this judgment the sheriff of Essex county on or about July 9th, 1934, levied on the goods and chattels located at 304 Main street, Orange, New Jersey. On September 12th, 1934, Fred R. Stelling, Inc., a corporation, doing business at the above address and in which Fred R. Stelling had previously purchased all the stock, filed a claim of property in the goods in question. This claim was, however, by later consent of both parties, dismissed. After proper advertisement, sale of the goods and chattels was held and Peter Grimbalis, the plaintiff, on December 4th, 1934, became, according to the finding of facts by the trial judge, which is fully supported by the proofs, "the *bona fide* purchaser of all ˙said goods from said sheriff and entitled to immediate possession thereof."

Plaintiff, however, never acquired possession of the goods and chattels. In the interim, between the aforementioned levy and the execution sale, the owners of the premises at 304 Main street, issued a distress warrant to C. J. Campanell, a sergeant-at-arms of the Orange District Court, who, on September 28th, 1934, distrained upon the very same goods and chattels, for $3,457.50 rent. Campanell swore three appraisers who inventoried and appraised the goods. On October 15th, 1934, the goods, pursuant to the distress proceedings, were sold for the sum of $125 and were later transferred for the nominal sum of $1 to Linfair, Inc.

Grimbalis having demanded the goods and chattels and having been refused possession, instituted this replevin suit against Linfair, Inc., and Lydia N. Stelling. By order of the court, Frederick J. Israel, trustee in bankruptcy of Fred R. Stelling, bankrupt, was allowed to intervene as a party defendant. After the trustee counter-claimed for the goods and chattels as part of the estate of the bankrupt, the court granted an application of the plaintiff for separate trials. The present case is between Grimbalis and Linfair, Inc., and was tried in the Essex County Circuit Court without a jury. Judgment was rendered for the plaintiff, Grimbalis, upon the ground that the distress proceedings were illegal because Campanell, as sergeant-at-arms of the District Court, had no power to swear the appraisers.

1. Replevin is an action in which the plaintiff's right to recovery is based upon the strength of his own title rather than upon the weakness of the defendant's title. *Chambers* v. *Hunt*, 18 *N. J. L.* 339, 345; *Bierman* v. *Reinhorn*, 71 *Id.* 422; 58 *Atl. Rep.* 1083. The burden is upon the plaintiff to establish by competent proof, ownership absolute or qualified, and right to exclusive possession where such ownership is denied. *Pintenics* v. *Menwig*, 113 *N. J. L.* 4, 5; 172 *Atl. Rep.* 377; *Kleinfeld* v. *The General Auto Sales Co.*, 118 *N. J. L.* 67, 71; 191 *Atl. Rep.* 460; 110 *A. L. R.* 350.

2. The legality of the distress proceedings in the instant case is to be determined by the statutes existing at the time of the distress. Section 6 of the Distress act (Rev. 1877), 2 *Comp. Stat.* 1709-1910, *p.* 1940 (now *R. S.* 2:58-38), provides that the sheriff or under-sheriff of the county or the constable of the place where such distress is taken, shall have the power to summon three appraisers and to swear them. Section 11 of the act entitled District Courts (*Pamph. L.* 1898, *p.* 558), 2 *Comp. Stat.* 1709-1910, *p.* 1956, empowered the judge of any District Court to appoint a sergeant-at-arms, and, among the powers conferred upon such a sergeant-at-arms was that "during his continuance in office he shall be invested with and possess *all rights, privileges, powers and duties of a constable of such city or county.*" This section of the District Court act, however, was supplemented and

restricted by chapter 39, *Pamph. L.* 1905, *p.* 63; 2 *Comp. Stat.* 1709-1910, *p.* 1957 (now *R. S.* 2:8-31). The sergeant-at-arms of a District Court under the latter statute, which was in existence at the time of the distress here involved, was limited in his aforementioned powers, to *"all matters and proceedings appertaining to such court."* (Italics supplied.)

It is clear that a landlord's remedy of distress is not one of the "matters and proceedings appertaining to such court." The right given to a landlord to distrain the goods of his tenant found upon the leased premises springs from an exceptional personal privilege conferred by the common law. It does not pertain to any court. *Cf. Commercial Credit Co.* v. *Vineis,* 98 *N. J. L.* 376, 378; 120 *Atl. Rep.* 417; *Hyman* v. *Hild,* 125 *N. J. L.* 265, 267; 15 *Atl. Rep.* (2d) 326. Thus, it follows, that a landlord himself, or an agent or servant empowered by him to act as his bailiff, may exercise this personal privilege of distress without the aid of any court. 3 *Blk.* 11; 36 *C. J.* 569; 16 *R. C. L.* 1025, § 547. But only those persons properly designated by the statute—namely, a sheriff, under-sheriff, or a constable of the place where such distress is taken—have the power to swear the appraisers. Campanell, a sergeant-at-arms of a District Court, lacking the power under the applicable statute law, to swear the appraisers, the distress proceedings were illegal.

3. Nor is the plaintiff's right to recovery barred by the fact that he claims through a judgment against Fred R. Stelling and Lydia N. Stelling individually and not through a judgment against Stelling, Inc. While it is true that a "corporation is not an individual even if the indivdual owned all the stock of the corporation" (*While* v. *Evans,* 117 *N. J. Eq.* 1, 3; 174 *Atl. Rep.* 731; *Cf. Jackson* v. *Hooper,* 76 *N. J. Eq.* 592; 75 *Atl. Rep.* 568; 27 *L. R. A.* (*N. S.*) 658), and while it is true that there has been no legal dissolution of the corporation in accordance with the statute, *R. S.* 14:13-1, *et seq.,* nevertheless, proofs were offered to the trial court and it was there found, as a matter of fact, that the goods and chattels concerned were not owned by the corporation but by Fred R. Stelling, individually. There is evidence to support that finding.

4. Nor was there any error in the court's refusal to admit defendant's testimony of Stelling's insolvency within four months of his bankruptcy. Although section 67, subdivision (f) of the Bankruptcy act provides "* * * that all liens, judgments, attachments, or other liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt * * *," nevertheless, such liens may be avoided only by the trustee in bankruptcy. 7 *C. J.* 197; *Kobrin* v. *Drazin (Court of Chancery),* 97 *N. J. Eq.* 400; 128 *Atl. Rep.* 796. The suit between the plaintiff and the trustee having been postponed for a separate trial, the trial judge properly refused to admit the testimony of insolvency offered by this defendant.

We have examined all the other grounds urged for reversal and find them to be without merit.

The judgment is affirmed, with costs.