602 A.2d 306

DEBORAH JOYNER, PLAINTIFF, v. NISSAN 10 INC., RICHARD E. BULEN, EDDIE GREEN, UNSATISFIED CLAIM & JUDGMENT FUND BD., AND KENNETH D. MERIN, COMM. OF INS., DEFENDANTS.

Superior Court of New Jersey
Law Division Passaic County

Decided December 19, 1991.

*Thomas F. Brogan* for Plaintiff (*Weiner & Ryan,* Attys.).

*Blanche D. Vilade* for Defendants Comm. of Insurance & Unsatisfied Claim & Judgment Fund Board (*Mattson, Madden & Polito,* Attys.).

MARTIN, J.S.C.

The Court is called upon to interpret the scope of *N.J.S.A.* 39:6–70(c). Plaintiff, Deborah Joyner, instituted this personal injury action following an accident which occurred on June 14,

1988 in the municipality of Passaic. Plaintiff was a passenger in a 1987 Nissan operated by defendant Eddie Green. Green lost control of the vehicle and struck a building thereby causing plaintiff's injuries. The 1987 Nissan was stolen at the time of the accident. It was owned by defendant Nissan 10, Inc., and utilized by defendant, Richard Bulen as agent, servant and/or employee of Nissan. The June 13, 1988 theft was reported to the East Orange Police Dept. by defendant Bulen on June 14, 1988. For purposes of this motion, it is stipulated that Ms. Joyner did not know the vehicle was stolen.

The insurance company for the Bulen vehicle denied personal injury protection and liability insurance coverage payment benefits to the plaintiff. Plaintiff then sought relief from the Unsatisfied Claim and Judgment Fund. (hereafter UCJF).

The Commission of Insurance and the UCJF Board now move for summary judgment alleging plaintiff's ineligibility for benefits because she was an occupant in a stolen vehicle at the time of the accident.

## DISCUSSION

The issue is whether an otherwise uninsured passenger in a stolen vehicle, having no knowledge of the vehicle's stolen status, may receive an award from the UCJF for injuries sustained in an automobile accident.

There are no genuine issues of material fact in dispute. The issue to be decided is purely legal and may be treated summarily. *Judson v. People's Bank & Trust Co. of Westfield,* 17 *N.J.* 67, 110 *A.*2d 24 (1954).

The UCJF was created on April 1, 1953. *N.J.S.A.* 39:6–60. "The legislative purpose in establishing the Fund was to provide a measure of relief to persons who sustain losses or injuries inflicted by financially irresponsible or unidentified operators of motor vehicles where such persons would otherwise be remediless." *Hartford Ins. Co. v. Allstate,* 127 *N.J.Super.* 460, 465, 317 *A.*2d 760 (App.Div. 1974). Under the UCJF

law, only a qualified person as defined under the statute may seek compensation from the fund.

Defendants/movants argue that plaintiff is not a qualified person to collect benefits under the UCJF law because occupying a stolen vehicle is sufficient to bar recovery. *N.J.S.A.* 39:6–70(c)[1] Plaintiff disagrees and urges that such an argument defeats the primary purpose of the statute.

A review of the legislative history upon enacting and amending *N.J.S.A.* 39:6–70(c) was not telling as to the intent of the drafters. The Appellate Division offers this guidance:

> We are mindful that the Unsatisfied Claim and Judgment Fund is remedial legislation enacted out of concern over the economic hardship imposed upon persons sustaining injuries caused by financially irresponsible and uninsured motorists where there is no other source of compensation. *Dixon v. Gassert,* 26 *N.J.* 1, 5 [138 *A.*2d 14] (1958). However, "while liberality of construction of remedial legislation is desirable, we cannot ignore the plain meaning of the language employed by the Legislature", *Wormack v. Howard,* 33 *N.J.* 139, 142 [162 *A.*2d 846] (1960), and note the statute was not intended to make every claimant whole. *Id.* at 143 [162 *A.*2d 846]. See, *Douglas v. Harris,* 35 *N.J.* 270 [173 *A.*2d 1] (1961).

*Caldwell v. Kline,* 232 *N.J.Super.* 406, 410, 557 *A.*2d 661 (1989).

 The Court recognizes the purpose of the statute as remedial, social legislation. Here, however, the plain language of *N.J.S.A.* precludes plaintiff's recovery. Although *N.J.S.A.* 39:6–70(c)(1) may not apply to this case since the Court finds for motion purposes that plaintiff did not steal or participate in the theft of the vehicle, *N.J.S.A.* 39:6–70(c)(2) is applicable and bars plaintiff's claim. The legislators of this State have clearly excluded a class of claimants; those claimants operating or riding in a motor vehicle without the permission of the owner. A condition precedent to Deborah Joyner's recovery must be predicated on Nissan 10 or Richard E. Bulen's express or

---

[1]Pursuant to *N.J.S.A.* 39:6–70(c), a claimant to the Fund must show that "he was not at the time of the accident a person (1) operating or riding in a motor vehicle which he had stolen or participated in stealing or (2) operating or riding a motor vehicle without the permission of the owner, and is not the personal representative of such a person."

implied permission to ride in the 1987 Nissan. From the record currently before this court, it is clear she did not have permission.[2] "The liberality of construction accorded to the statute accents the scope and purpose of the enactment as social legislation, but affords no substitute for proof of compliance with its terms or conditions." *Downing v. Stewart*, 85 *N.J.Super.* 62, 66–67, 203 *A*.2d 724 (App.Div.1964); see also, *Parrot v. Chiselkco*, 74 *N.J.Super.* 138, 142, 180 *A*.2d 710 (App.Div.1962), *Szczesny v. Vasquez*, 71 *N.J.Super.* 347, 358–359, 177 *A*.2d 47 (App.Div.1962).

Accordingly, defendant's motion for summary judgment will be granted. An appropriate order shall be entered.

---

[2]Plaintiff's deposition testimony indicates that defendant Green told her the vehicle was his. A passenger's inaccurate knowledge regarding ownership of a vehicle is not a consideration under *N.J.S.A.* 39:6–70(c)(2).