274 N.J. Super. 613 (1994)
644 A.2d 1147
JACK SENECA, PLAINTIFF-APPELLANT,
v.
NICHOLAS L. BISSELL, JR., SOMERSET COUNTY PROSECUTOR, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1994.
Decided July 20, 1994.
*615 Before Judges MICHELS and KESTIN.
Sara A. Friedman, for appellant (Minichino & Mautone, attorneys; Anthony R. Mautone, of counsel and on the letter brief).
Scott D. Rodgers, Deputy Somerset County Counsel, for respondent (Welaj, Miller and Robertson, attorneys; Mr. Rodgers, of counsel and on the brief).
PER CURIAM.
Plaintiff Jack Seneca appeals from a summary judgment of the Law Division entered in favor of defendant Somerset County Prosecutor Nicholas L. Bissell, Jr., dismissing this action seeking the return of $5,529 in United States currency seized by defendant on the ground that the action was time-barred by the three-year statute of limitations contained in N.J.S.A. 2C:64-8 of the New Jersey Code of Criminal Justice (Code). In granting summary judgment, Judge Arnold reasoned:
The plaintiffs instituted this suit which is a suit for replevin on July 21, 1993 which, of course, is more than 5 years after the seizure.
There is no dispute that the plaintiff signed a so-called assignment of interest in the subject $5,529 on May 25, 1988, also more than 5 years ago. It's clear beyond dispute that the plaintiff was very well aware that they took his $5,529, and that they had it, meaning the Prosecutor's Office, the police.
Thus plaintiff does not come under the purview of [N.J.S.A.] 2C:64-8 as a person "who could not with due diligence have discovered that the property which he owned was seized as contraband." Moreover, the monies were forfeited to the State pursuant to [N.J.S.A.] 2C:64-3a by virtue of the fact that the plaintiff signed the assignment of interest within 90 days of the seizure, and the monies would come under the category of "other than prima facie contraband." See N.J.S.A. 2C:64-1a(1).
As such, since the only claim plaintiff appears to make is that the assignment of interest was obtained by coercion, as this Court views it under the standards set forth in Judson versus People's Bank and Trust Company, these are insufficient. They don't survive the Statute of Limitations, and so the defendant's motion for summary judgment to dismiss the plaintiff's complaint is granted.
*616 Plaintiffs seeks a reversal and a remand for a trial on all issues, contending generally that the three-year statute of limitations of N.J.S.A. 2C:64-8 did not apply to bar this action because the money seized by defendant was not prima facie contraband and the State had not instituted a forfeiture proceeding pursuant to N.J.S.A. 2C:64-3. Plaintiff argues, therefore, that the six-year statute of limitations applicable to ordinary replevin actions should apply. We disagree and affirm.
We are satisfied that the execution of the Assignment of Interest Agreement by plaintiff, which assigned his interest in the money seized by defendant, was the functional equivalent of a civil forfeiture proceeding under N.J.S.A. 2C:64-3. The agreement provided:
I, Jack Seneca, assign all of my interest in the $5,529.00 seized from my person in Greenbrook Township on April 26, 1987. This is in consideration of the Somerset County Prosecutor's Office forebearing its right to prosecute a forfeiture claim.
The execution of this agreement by plaintiff obviated the need for the institution of a formal civil forfeiture proceeding by defendant, and estops plaintiff from now arguing that the assignment of his ownership interest in the money was not the functional equivalent of a civil forfeiture proceeding under the Code.
The three-year period of limitations provided by N.J.S.A. 2C:64-8, governing actions to recover property seized by the State, applies to "[a]ny person who could not with due diligence have discovered that property which he owns was seized as contraband." This limitation, when read literally, does not apply to persons with notice of the seizure because generally those persons "have the opportunity to make their claims by filing answers in the forfeiture action" brought by the State. Dragutsky v. Tate, 262 N.J. Super. 257, 262, 620 A.2d 1065 (App.Div. 1993). Logically, a person who has signed over his interest in property should have no greater right to challenge the transfer or assignment of that property to the State than one who has received notice of a forfeiture proceeding. In the absence of an opportunity to defend in a formal civil forfeiture proceeding brought by the *617 State within the ninety days required by the statute, N.J.S.A. 2C:64-3a, an individual who wishes to challenge the seizure must file his cause of action within a reasonable time. Here, plaintiff's money was seized, together with certain personal items and "substances believed to be cocaine or crack" on April 23, 1988. Plaintiff did not challenge the seizure of his money or other items, nor did he make any attempt to recover the money until July of 1993 when he filed the complaint in this action. At the time this proceeding was instituted, more than five years had elapsed since the money had been seized.
In our view, it would offend the spirit of N.J.S.A. 2C:64-8, as well as the clear legislative design of the Forfeiture Act as a whole, to permit plaintiff to institute this action after a reasonable time has passed, especially long after the three-year period within which a person with no notice of the seizure could have instituted an action to recover the seized property. We cannot conceive that the Legislature intended such an anomalous result. Even though the literal terms of the Forfeiture Act suggest this result, the teaching of Alexander v. Power & Light Co., 21 N.J. 373, 378, 122 A.2d 339 (1956), is also instructive in the purposive sense. There, our Supreme Court emphasized:
[A] statute is to receive a reasonable construction, to serve the apparent legislative purpose. The inquiry in the final analysis is the true intention of the law; and, in the quest for the intention, the letter gives way to the rationale of the expression. The words used may be expanded or limited according to the manifest reason and obvious purpose of the law. The spirit of the legislative direction prevails over the literal sense of the terms. The particular words are to be made responsive to the essential principle of the law. When the reason of the regulation is general, though the provision is special, it has a general acceptation. The language is not to be given a rigid interpretation when it is apparent that such meaning was not intended. The rule of strict construction cannot be allowed to defeat the evident legislative design.
See also Unemployed-Employed Council of N.J., Inc. v. Horn, 85 N.J. 646, 654-55, 428 A.2d 1305 (1981); N.J. Builders, Owners and Managers Association v. Blair, 60 N.J. 330, 338, 288 A.2d 855 (1972) ("Where a literal rendering will lead to a result not in accord with the essential purpose and design of the act, the spirit of the law will control the letter."); Eagle Truck Transport, Inc. v. *618 Bd. of Review, etc., 29 N.J. 280, 286, 148 A.2d 822 (1959); Wollen v. Fort Lee, 27 N.J. 408, 418, 142 A.2d 881 (1958); Corrigan v. Gassert, 27 N.J. 227, 238, 142 A.2d 209 (1958); New Capitol Bar & Grill Corp. v. Div. of Employment Sec., 25 N.J. 155, 160, 135 A.2d 465 (1957); Town of Secaucus v. Hackensack Meadowlands, 267 N.J. Super. 361, 393-94, 631 A.2d 959 (App.Div. 1993); Zimmerman v. Mun. Clerk of Tp. of Berkeley, 201 N.J. Super. 363, 368, 493 A.2d 62 (App.Div. 1985). "When all is said and done, the matter of statutory construction here will not justly turn on literalisms, technisms or the so-called formal rules of interpretation; it will justly turn on the breadth of the objectives of the legislation and the commonsense of the situation." J.C. Chap. Prop. Owner's Protective Ass'n v. City Council, 55 N.J. 86, 100, 259 A.2d 698 (1969).
Applying these principles of statutory construction to the rather unique facts of this case, we are convinced that plaintiff's action challenging the validity of the Assignment of Interest Agreement executed by him and seeking to recover the money seized by defendant may be precluded, as a matter of general legislative intendment, as well as literal application of the statute, because it was not instituted within a reasonable time. After the passage of so much time, the burden of justifying the delay must fall on the person responsible for it. Since plaintiff failed to allege a good reason for permitting more than five years to pass before asserting his claim, we conclude that the trial court properly granted summary judgment in favor of defendant. In passing, we note that State v. Cavassa, 228 N.J. Super. 204, 549 A.2d 458 (App.Div. 1988), relied upon by plaintiff, is inapplicable. It holds that where a proceeding is required, it must be brought in conformity with the requirements of N.J.S.A. 2C:64-3a. Our holding concerning the effect of plaintiff's Assignment of Interest Agreement obviates this need.
In any event, plaintiff cannot properly bring an action for replevin because he did not have "title and the right to possession at the time of the commencement of the [replevin] action...." *619 Eastern Acceptance Corp. v. Camden Trust Co., 59 N.J. Super. 96, 104, 157 A.2d 155 (Cty.Ct. 1959), rev'd on other grounds, 33 N.J. 227, 163 A.2d 134 (1960). In an action for replevin,
the plaintiff has the burden to establish title in itself, absolute or qualified, with a right of exclusive possession at the time of the bringing of the action; otherwise plaintiff fails in its action and the defendant is entitled to judgment. [Ibid.].
See also Grimbalis v. Stelling, 126 N.J.L. 82, 84, 18 A.2d 412 (Sup.Ct. 1941); Peelle Co. v. Industrial Plant Corp., 120 N.J.L. 480, 482, 200 A. 1007 (Sup.Ct. 1938); Hunt v. Chambers, 21 N.J.L. 620, 623 (E. & A. 1845); 66 Am.Jur.2d Replevin § 16 (1973). Here, plaintiff voluntarily transferred his interest in the money in May of 1988. Consequently, when he instituted the replevin action in July of 1993, he did not have absolute or qualified title to the money, nor the right of exclusive possession of the money. Thus, plaintiff should not have been permitted to bring a replevin action in the first instance.
Additionally, it would be inequitable and fundamentally unfair to permit plaintiff to institute this action to recover the money seized by defendant after the five-year statute of limitations of N.J.S.A. 2C:1-6b(1) governing criminal prosecutions has run and the State has forborne prosecuting defendant for any crime that may have arisen from his alleged possession of the money or other items. The unreasonably long delay between the seizure of the money and the execution of the assignment of plaintiff's interest in it, on the one hand, and the institution of this action on the other, stands unexplained, except perhaps for plaintiff's desire not to take any action until the five-year criminal statute of limitations had run. In the light of the statutory scheme governing forfeitures, this alone creates and justifies a presumption against the validity of his right to recover the money.
Accordingly, the summary judgment under review is affirmed.