689 A.2d 207

TAMIKA HALL, PLAINTIFF–APPELLANT, v. LEGIOUS MINDER
AND UNSATISFIED CLAIM AND JUDGMENT FUND, DEFEN-
DANTS–RESPONDENTS, AND PRUDENTIAL INSURANCE
COMPANY AND DEBORAH LOWENSTEIN, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued February 13, 1997—Decided March 5, 1997.

Before Judges SHEBELL, BAIME and BRAITHWAITE.

*Thomas E. Hood* argued the cause for appellant (*Richard W. Carlson,* on the brief).

*David G. Hahn* argued the cause for respondent, Unsatisfied Claim And Judgment Fund (*Hahn & Howarth,* attorneys; *Mr. Hahn,* of counsel, and on the brief).

The opinion of the court was delivered by

SHEBELL, P.J.A.D.

Plaintiff, Tamika Hall, appeals the dismissal on summary judgment of her complaint which alleged that, as a result of defendant

Legious Minder's negligence while operating the vehicle of Deborah Lowenstein, plaintiff was seriously injured when the vehicle she was riding in struck a parked vehicle. Plaintiff joined the Unsatisfied Claim and Judgment Fund Board ("Fund") and Prudential Insurance Company ("Prudential") as defendants and alleged that she was wrongly denied benefits by them. The defendants moved for summary judgment, which motions were granted following oral argument. Plaintiff appeals only from the order granting summary judgment to the Fund.

On March 26, 1993, plaintiff was an occupant in a vehicle driven by Minder which, shortly after he picked her up at her home, was involved in a collision. Plaintiff sustained injuries to her head and face and was taken to the hospital. Minder fled the scene, and his whereabouts are unknown. Neither plaintiff, nor her father, had insurance to cover her injuries, and her medical bills are alleged to exceed $55,000.

Plaintiff filed an application for Personal Injury Protection ("PIP") benefits with the Fund. The application was denied on the assertion that plaintiff was ineligible under *N.J.S.A.* 39:6–70(c), since she was an occupant in a stolen vehicle. Plaintiff also filed a claim with Prudential, since the vehicle was insured by that company, but that claim was similarly denied.

The motion judge in granting the Fund's motion for summary judgment stated:

> New Jersey Statute 39:6–70(c) specifically states that a claimant to the Fund must be prepared to show that, "he was not at the time of the accident a person:
>
> (1) operating or riding in a vehicle which he had stolen or participated in stealing or,
>
> (2) operating or riding in a motor vehicle without the permission of the owner . . . ."]
>
> Clearly, section (c)(1) is not applicable to the case at bar. The primary issue is whether (c)(2) can operate to bar plaintiff's claim against the Fund. Because the car was stolen it is clear that anyone riding therein would do so without the owner's permission.

The judge held that plaintiff could not recover from the Fund under section (c)(2) as she did not have the permission of the owner to ride in the vehicle.

The sole issue on appeal is the correct application of *N.J.S.A.* 39:6–70(c). This section reads in pertinent part, as follows:

The court shall proceed upon such application, in a summary manner, and, upon the hearing thereof, the applicant shall be required to show:

. . . .

(c) He was not at the time of the accident a person (1) operating or riding in a motor vehicle which he had stolen or participated in stealing or (2) operating or riding in a motor vehicle without the permission of the owner, and is not the personal representative of such a person[.]

[*N.J.S.A.* 39:6–70(c).]

The motion judge followed the Law Division decision in *Joyner v. Nissan 10 Inc.*, 253 *N.J.Super.* 510, 602 *A.*2d 306 (Law Div. 1991). There, the judge held that, notwithstanding plaintiff's lack of knowledge that the vehicle was stolen, she could not recover from the Fund as she was a person riding in or operating a motor vehicle without the permission of the owner. *Id.* at 513–14, 602 *A.*2d 306. The judge in *Joyner* stated: "[a] passenger's inaccurate knowledge regarding ownership of a vehicle is not a consideration under *N.J.S.A.* 39:6–70(c)(2)." *Id.* at 514 n. 2, 602 *A.*2d 306. We disagree.

Our courts have noted numerous times that the purpose of the Fund Law "is to provide a measure of relief for persons who sustain losses or injury inflicted by financially irresponsible or unidentified owners or operators of motor vehicles, where such persons would otherwise be remediless." *Corrigan v. Gassert*, 27 *N.J.* 227, 233, 142 *A.*2d 209 (1958)(citing *Dixon v. Gassert*, 26 *N.J.* 1, 138 *A.*2d 14 (1958)); *see also Unsatisfied Claim and Judgment Fund Bd. v. NJ Mfrs. Ins. Co.*, 138 *N.J.* 185, 189, 649 *A.*2d 1243 (1994); *Brookins v. Murray*, 131 *N.J.* 141, 145, 619 *A.*2d 583 (1993); *Sumner v. Unsatisfied Claim and Judgment Fund*, 288 *N.J.Super.* 384, 386, 672 *A.*2d 731 (App.Div.1996). "The Legislature was attempting to 'ameliorate the injustice to the victims resulting from a basic shortcoming of the tort liability system: the futility or impossibility of prosecuting a civil damage claim against a financially irresponsible or even unknown tort feasor.'" *Brookins, supra*, 131 *N.J.* at 145, 619 *A.*2d 583 (quoting *White v.*

*Violent Crimes Compensation Bd.,* 76 *N.J.* 368, 380, 388 *A.*2d 206 (1978)). The Fund is designed to assist innocent accident victims with their resultant expenses and it must be interpreted in that light.

■ *N.J.S.A.* 39:6–70(c) clearly requires an applicant for benefits to meet both sections (c)(1) and (c)(2). In *Joyner*, the judge first determined that plaintiff did not steal the car and was not precluded from receiving benefits under *N.J.S.A.* 39:6–70(c)(1). *Joyner, supra,* 253 *N.J.Super.* at 513, 602 *A.*2d 306. However, he then held that plaintiff was precluded under *N.J.S.A.* 39:6–70(c)(2) since she did not have permission to ride in the vehicle. *Id.* at 513–14, 602 *A.*2d 306. The motion judge in this case proceeded in the same manner. We believe the Legislature in enacting *N.J.S.A.* 39:6–70(c) intended to preclude two different classes of people from receiving benefits: (1) those who actually stole or participated in the theft of a motor vehicle *and* (2) those who knowingly operated or rode in a motor vehicle without the owner's permission. In order to effectuate this intent, it is necessary to read the statute in the conjunctive, i.e., that the applicant must meet both requirements under *N.J.S.A.* 39:6–70(c).

Obviously, every use without permission does not constitute theft. In the usual situation passengers assume that they are riding in a vehicle with the owner's consent. Although here the vehicle was stolen, in many cases the issue of use without the owner's permission may be indiscernible to the lay person. The Law Division's decisions preclude recovery to that entire class of innocent injured persons. We perceive that the public policy of providing benefits to those innocent persons is as strong as the public policy to provide insurance coverage to all who use a vehicle with the owner's permission. *See Scott v. Salerno,* 297 *N.J.Super.* 437, 445, 688 *A.*2d 614 (App.Div.1997).

■ We conclude that the Legislature intended to disallow benefits only to persons who, although they may not have stolen the vehicle, knew that they did not have the permission of the owner to operate or ride in the vehicle. This is consistent with the

purpose of the statute to provide relief only to innocent persons injured by the actions of uninsured or unknown motorists. *Corrigan, supra,* 27 *N.J.* at 233, 142 *A.*2d 209; *see also NJ Mfrs. Ins. Co., supra,* 138 *N.J.* at 189, 649 *A.*2d 1243; *Brookins, supra,* 131 *N.J.* at 145, 619 *A.*2d 583; *Sumner, supra,* 288 *N.J.Super.* at 386, 672 *A.*2d 731.

The distinction made by the Legislature between stealing and lack of permission is understandable if knowledge of use without permission is found to be a requirement under (c)(2). Section (c)(1) was drafted so as to exclude persons who steal or participate in the theft of a vehicle. However, (c)(2) is extended to exclude the operator and passengers who know that they do not have permission to use the vehicle, even though they may not have actually stolen it. Thus, any person who uses another's vehicle knowing it is without permission, but who did not steal it, would be ineligible for benefits under the statute. However, the user, who assumed there was permission to operate the vehicle and was faced with no evidence to the contrary, would not be denied benefits solely because he/she did not actually have permission to use the vehicle. We do not perceive that the Legislature intended to exclude such persons or to view them any differently than an innocent pedestrian who might be struck by a stolen vehicle or one being used without the owner's permission.

Our conclusion is buttressed by the fact that the Fund Law is rémedial legislation and "is to be liberally construed to advance the remedy with due regard to the fulfillment of the essential legislative design while protecting the Fund against possible fraud or abuse." *Corrigan, supra,* 27 *N.J.* at 237, 142 *A.*2d 209; *see also Young v. Schering Corp.,* 141 *N.J.* 16, 25, 660 *A.*2d 1153 (1995). "Furthermore, a court should avoid a literal interpretation of individual statutory terms or provisions that would be inconsistent with the overall purpose of the statute." *Young, supra,* 141 *N.J.* at 25, 660 *A.*2d 1153. " '[A] statute is to receive reasonable construction, to serve the apparent legislative purpose. ... The language is not to be given a rigid interpretation when it is

apparent that such meaning was not intended. The rule of strict construction cannot be allowed to defeat the evident legislative design.' " *Seneca v. Bissell,* 274 *N.J.Super.* 613, 617, 644 *A.*2d 1147 (App.Div.)(quoting *Alexander v. New Jersey Power & Light Co.,* 21 *N.J.* 373, 378, 122 *A.*2d 339 (1956)), *certif. denied,* 138 *N.J.* 272, 649 *A.*2d 1291 (1994).

■ Although knowledge of lack of permission is not specifically spelled out in the statute, a literal interpretation "would be inconsistent with the overall purpose of the statute." *Young, supra,* 141 *N.J.* at 25, 660 *A.*2d 1153. As we have noted, in normal circumstances, most people assume that they are riding in a vehicle with the owner's permission. If plaintiff knew the car was stolen, she would not be eligible under *N.J.S.A.* 39:6–70(c)(2). The requirement that an applicant prove that he/she did not know the owner of the vehicle had not consented to its use serves to protect "the Fund against possible fraud or abuse," while at the same time advancing the remedy intended by the law of providing a source of payment to innocent injured parties. *Corrigan, supra,* 27 *N.J.* at 237, 142 *A.*2d 209.

■ The holding in *Joyner,* that knowledge regarding the status of a stolen vehicle is irrelevant under *N.J.S.A.* 39:6–70(c)(2), opposes both the Legislative intent of the Fund Law and the remedial nature of the law, and therefore, we disapprove of its holding. Summary judgment was inappropriate as there is a fact issue as to whether plaintiff knew the car was stolen or being operated without the owner's permission. *See Brill v. Guardian Life Ins. Co.,* 142 *N.J.* 520, 530, 666 *A.*2d 146 (1995).

We reverse and remand for a determination of whether plaintiff had knowledge that the use of the vehicle was without the permission of the owner.