THE STATE OF NEW JERSEY, PLAINTIFF, v. THOMAS
HUGHES, DONALD PYNE AND ROBERT PYNE, DE-
FENDANTS.

Superior Court of New Jersey
Law Division
(Criminal)

Decided October 23, 1975.

*Mr. Robert E. Levy* for defendants.

*Mr. Charles F. Shaw, III,* Assistant Prosecutor, for the State (*Mr. James M. Coleman, Jr.,* Monmouth County Prosecutor, attorney).

PATRICK J. McGANN, JR., J. S. C. On May 1 and again on July 5, 1973, as authorized by judicial warrants, the Howell Township police searched premises known as The Adult Book Shop., Inc. Many sexually oriented materials were seized, including 19 different reels of film and 807 different publications. Most of the publications were in book form; some were of the magazine type. The matters were presented to the grand jury which, on August 16, 1973, returned the above indictment charging each named defendant with violations of the obscenity law (*N. J. S. A.* 2A: 115–2). Prosecution of the indictment was enjoined by an interim ruling of the Federal District Court for the District of New Jersey. On July 2, 1975 the Appellate Division ordered the dismissal of this Indictment and others on the basis of *State v. DeSantis,* 65 *N. J.* 462 (1974).

At no time during the life of the indictment was legal challenge made to the sufficiency of the search warrant or proceedings thereunder. At this point the indictment is dead; the criminal case is closed.

Defendants on August 12, 1975 filed this motion, stated to be pursuant to *R.* 3:5–2 and *R.* 3:5–7, seeking an order directing the return of the items seized under the search warrant. This court denied the motion for procedural deficiencies now set forth.

Rule *R.* 3:5, as indicated in its title, has to do with search warrants. *R.* 3:5–2 sets forth the grounds for issuance of a search warrant. It has no bearing on this application. *R.*

3:5–7 allegedly furnishes the basis for the relief sought. It provides the following:

3:5–7. Motion for Return of Property and to Suppress Evidence.

(a) Notice; Time; Hearing; Briefs. On notice to the prosecutor of the county in which the matter is pending or threatened and to the applicant for the warrant, if the search was with a warrant, and in accordance with the applicable provisions of *R.* 1:6–3 and *R.* 3:10, a person claiming to be aggrieved by an unlawful search and seizure and having reasonable grounds to believe that the evidence obtained may be used against him in a penal proceeding, may apply only to the Superior Court or county court of the county in which the evidence was obtained for the return of property seized and to suppress the evidence obtained, even though the offense charged or to be charged may be within the jurisdiction of a municipal court. A brief stating the facts and the arguments in support of the motion shall be submitted with the notice of motion. If material facts are disputed, testimony thereon shall be taken in open court. Such motion shall be made within 30 days after the initial plea to the charge unless, the court, for good cause shown, enlarges the time. A motion made before trial shall be determined before trial. The motion may be made after trial has commenced only if the trial court finds that defendant could not reasonably have made it prior thereto.

(b) Return of Property. If a motion made pursuant to this rule is granted, the property shall be delivered to the person entitled thereto, unless otherwise subject to lawful detention, and shall not be admissible in evidence in any court. Delivery of the property need not be made, however, until the expiration of the time within which the State may obtain leave to appeal pursuant to *R.* 2:5–6.

(c) Consequences of Failure to Move. If a timely motion is not made in accordance with this rule, the defendant shall be deemed to have waived any objection during trial to the admission of evidence on the ground that such evidence was unlawfully obtained.

(d) Effect of Irregularity in Warrant. In the absence of bad faith, no search or seizure made with a search warrant shall be deemed unlawful because of technical insufficiencies or irregularities in the warrant or in the papers or proceedings to obtain it, or in its execution.

Even a casual reading of that rule indicates how inappropriate is the procedure which defendants attempt to utilize. Under the rule return of property is in order only after the granting of the motion to suppress evidence and then only if the material is not "otherwise subject to law-

ful detention." Compare *State v. Shapiro*, 122 *N. J. Super.* 409, 417 (Law Div. 1973). Here, no motion to suppress evidence was ever made; the 30-day period for making the same has expired years ago; there is no matter either pending or threatened; there is no reason to believe that the material will ever be used against the defendants in a penal proceeding.

A denial of this motion does not deprive defendants of a legal forum in which they may seek to vindicate their claim to the return of the materials. Their claim is that the Monmouth County Prosecutor is holding property which belongs to them. That claim sounds in replevin for which a civil action lies. *R.* 4:61. The prosecutor has already indicated that he will resist the return of the materials on the ground that they are obscene and hence contraband. *State v. Shapiro, supra.* That issue can be more adequately litigated in a civil proceeding than on a criminal motion. Full pretrial civil remedies by way of discovery, motions for summary judgment and the like will assist the parties in narrowing the issues. The hearings — with the tremendous number of individual items that must be reviewed — can be accommodated much more comfortably on the civil rather than the criminal side where the emphasis necessarily must be on the prompt and expeditious resolution of criminal charges.

The procedural course outlined herein is definitively stated for the first time. It is the logical consequence of judicial signposts placed in *Krug v. Hudson Cty. Freeholders Bd.,* 3 *N. J. Super.* 22 (App. Div. 1949); *State v. Sherry,* 86 *N. J. Super.* 296, 307 (App. Div. 1965), rev'd 46 *N. J.* 172 (1965), and *State v. Rodriguez,* 130 *N. J. Super.* 57 (App. Div. 1974).