STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
RICHARD HOWERY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 30, 1979—Decided November 9, 1979.

Before Judges FRITZ, KOLE and LANE.

*Mr. Richard Howery,* appellant, filed a brief *pro se.*

*Mr. John B. Mariano,* Camden County Prosecutor, attorney for respondent (*Mr. Frank F. Neutze, Jr.,* Assistant Prosecutor, on the brief).

BY THE COURT.

Defendant was convicted on February 22, 1974 under Indictment 787–72 for possession of a controlled dangerous substance (count 1) and possession of burglary tools (count 2). Subsequently he was convicted under another indictment and is presently confined. He filed a motion seeking the return of $135.89 and 11 assorted knives that had been seized under a search warrant which was executed June 30, 1972. The motion came on for hearing on October 20, 1978, at which time there was a discussion on the record in which the trial judge, defendant and the assistant prosecutor participated. The hearing was extremely informal, and no testimony under oath was adduced. At the conclusion of the hearing the motion was denied.

Presumably, the motion was made under *R.* 3:5–7(e). Although there was no motion to suppress the evidence made at any time, we presume that this motion was brought under the assumption that it was authorized by *R.* 3:5–7(e). That assumption was incorrect. A motion for the return of property seized can only be made under that rule in conjunction with a motion to suppress.

Since the charge against defendant did not result in an acquittal or other final determination in his favor, the motion could not be brought under *N.J.S.A.* 2A:152–10.

■ The proper procedure which defendant should have followed was to file a complaint seeking replevin of the property. *State v. Hughes,* 138 *N.J.Super.* 298, 301 (Law Div. 1975); *cf. State v. Sherry,* 86 *N.J.Super.* 296, 306 (App.Div.1965) (Sullivan, J. A. D., dissenting), rev'd 46 *N.J.* 172 (1965).

Since the proceedings in the criminal cause were improper, the order appealed from is vacated and the motion dismissed without prejudice to defendant proceeding by way of replevin, subject to whatever defenses the parties who may be defendants in that action have. No costs.