WILLIAM L. JOHNSON, SR. PLAINTIFF, v. GEORGE L.
SCHNEIDER, ET ALS. DEFENDANTS.

Superior Court of New Jersey
Law Division (Special Civil Part),
Essex County

Decided July 24, 1986.

*Peter S. Valentine* for plaintiff (*Schutzman & Valentine,* attorneys).

*Philip M. Lembo* for defendants.

ROSEMARY HIGGINS CASS, J.S.C.

In this replevin action brought under *N.J.S.A.* 2A:59–1 *et seq.,* plaintiff William L. Johnson, Sr. (hereinafter plaintiff) seeks the return of a .38 caliber Smith and Wesson revolver seized by the Irvington police on March 5, 1980 and subsequently delivered into the custody of George L. Schneider, Essex County Prosecutor (hereinafter prosecutor). While plaintiff was charged with aggravated assault in the shooting of another, the grand jury refused to indict him and the matter was dismissed.

This action was commenced by the filing of a complaint January 29, 1985 with service upon the prosecutor, County of Essex and the Township of Irvington (hereinafter Irvington). Irvington filed a timely answer and as between plaintiff and Irvington the matter was settled and a stipulation of dismissal filed under date of June 4, 1985.

Defendants prosecutor and County of Essex filed an answer, later amended, then brought a motion for dismissal of plaintiff's complaint for failure to state a claim upon which relief could be granted, pursuant to *R.* 4:6–2(e).

The sole issue before the court is as to the applicable statute of limitations. It is prosecutor's and county's contention that plaintiff is barred from proceeding, either by the two-year statute of limitations under the New Jersey Tort Claims Act (*N.J.S.A.* 59:1–1 et seq.) or the three-year statute of limitations contained in the forfeiture statute (*N.J.S.A.* 2C:64–1 *et seq.*). Plaintiff contends that *N.J.S.A.* 2A:14–1 governs and that the statute of limitations in this action is six years. I hold that the matter is controlled by the three year statute of limitations in *N.J.S.A.* 2C:64–8 and plaintiff's action is time barred.

■ Since this action sounds in replevin the Tort Claims Act is not applicable. *See N.J.S.A.* 59:1-4; *Lloyd v. Borough of Stone Harbor,* 179 *N.J.Super.* 496 (Ch.Div.1981). More importantly, as to articles seized by the State or its subdivisions, the Legislature has established separate procedures for their forfeiture or return in *N.J.S.A.* 2C:64-1 *et seq.* It is to these one must look to determine the controlling limitation on return of articles seized. *See State v. Howery,* 171 *N.J.Super.* 182 (App.Div.1979).

Property subject to forfeiture is defined in *N.J.S.A.* 2C:64-1 and its seizure permitted pending criminal prosecution. Within its intendment certain articles, including "firearms which are unlawfully possessed, carried, acquired or used," are designated prima facie contraband. *N.J.S.A.* 2C:64-1a(1). But, absent proof that a firearm was unlawfully possessed, carried, acquired or used, it is not prima facie contraband. *Cf. State v. One 1979 Pontiac Sunbird,* 191 *N.J.Super.* 578, 581-582 (App. Div.1983).

Under *N.J.S.A.* 2C:64-2 "prima facie contraband" is forfeited upon entry of judgment or dismissal of criminal proceedings "subject to rights of owners and others holding interests pursuant to [*N.J.S.A.* ] 2C:64-5."

Property seized, other than prima facie contraband, and subject to forfeiture, may be acted against in a civil action instituted within 90 days of seizure by the State *N.J.S.A.* 2C:64-3(a). The fact that a prosecution does not terminate in conviction does not preclude forfeiture proceedings against the property. *N.J.S.A.* 2C:64-4(b).

*N.J.S.A.* 2C:64-5 provides that forfeiture does not affect rights of lessors or persons with a perfected security interest unless it shall appear that the person had knowledge of or consented to any act or omission upon which the right of forfeiture is based. This section of the statute has been interpreted, despite the elimination of the words "the owner" by the 1981 amendment to include within its protection "inno-

cent owners who did not consent to or know of the illegal use of their property and who did all that reasonably could be expected to prevent that use." *State v. 1979 Pontiac Trans Am, Color Gray,* 98 *N.J.* 474, 485 (1985).

*N.J.S.A.* 2C:64–8 gives to a person *"who could not with due diligence have discovered that property which he owns was seized as contraband"* the right to file a claim within three years of the seizure "if he can demonstrate that he did not consent to, and had no knowledge of its unlawful use."

The narrow issue framed by plaintiff as to this last section of the statute is whether the reference to the filing of a claim comprehends legal action or merely notice to the State. If it is the latter, then unquestionably the State has admitted that notice of claim was given to it well within three years from seizure of the firearm. If the former, then under no circumstances did plaintiff meet the time constraints of *N.J.S.A.* 2C:64–8.[1]

This particular section was enacted in 1978 (*L.* 1978, *c.* 95, *N.J.S.A.* 2C:64–8, effective September 1, 1979). If this section is compared with *N.J.S.A.* 2C:64–2 as it then existed it will be noted that the latter, after requiring that a seizing officer of prima facie contraband in certain circumstances give notice that the property has been seized, required any person with interest in the seized property to "file his claim within 30 days." *L.* 1978, *c.* 95, § 2C:64–2d. Thereafter subsection f read: "If no *action* is commenced within 30 days of the service of notice," emphasis supplied, clearly showing that the word "action" was

---

[1]Moreover, we have a situation where alleged "prima facie" contraband as defined in *N.J.S.A.* 2C:64–1 was seized at the time of the incident. Certainly plaintiff knew at that time of the seizure so that, *ipso facto,* he does not come within the purview of *N.J.S.A.* 2C:64–8 as a person "who could not with due diligence have discovered that property which he owned was seized as contraband." Additionally, I do not have to reach the question whether plaintiff unlawfully used the firearm so that under any circumstances it could not be returned to him. *See State v. Cunningham,* 186 *N.J.Super.* 502, 510, 453 A.2d 239 (App.Div.1982).

being used interchangeably with "claim" in this particular act. *L.* 1978, *c.* 95, § 2C:64–2f.

Furthermore, the present version of *N.J.S.A.* 2C:64–3(c) requires notice to any person known to have a property interest in an article (other than prima facie contraband) against which a forfeiture action is brought. Subsection d is significant in that it requires the claimant of the property that is the subject of an action to "file and serve *his claim in the form of an answer* in accordance with the rules of court." [2] Emphasis supplied.

If *N.J.S.A.* 2C:64–8 is interpreted in light of *N.J.S.A.* 2C:64–2, as enacted at the same time, then use of the word "claim" to mean legal action in section 8 is consistent with its use in section 2.

A statute should be construed so as to avoid unconstitutionality whenever possible. *Schulman v. Kelly,* 54 *N.J.* 364, 370 (1969). While forfeitures are frowned upon in the law, *State v. 1979 Pontiac Trans Am, Color Grey, supra,* 98 *N.J.* at 481 *N.J.S.A.* 2C:64–1 *et seq.* has been interpreted to be facially constitutional and not impermissibly vague in all of its applications. 98 *N.J.* at 483, 488.

Moreover, *N.J.S.A.* 2C:1–2(c) reads in part:

The provisions of the code shall be construed according to the fair import of their terms but when the language is susceptible of differing constructions it shall be interpreted to further the general purposes stated in this section and the special purposes of the particular provision involved....

The only logical interpretation of the section in question is that the "filing of a claim" within the intendment of the Legislature requires the filing of a civil action within three years of the seizure. Even if plaintiff did not use the firearm unlawfully and did not know of its seizure, the time period described in the statute of limitations has expired and title by adverse posses-

---

[2]This particular subsection had been amended in 1979 eliminating a requirement that a claim be filed within ten days of notice and an answer within 20 days thereafter.

sion has vested in the State of New Jersey. *O'Keeffe v. Snyder*, 83 *N.J.* 478, 500–501 (1980).

Defendants' motion to dismiss the complaint is granted.