STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. ONE WRIST SLING SHOT; ONE 7.63 M.M. CAL. MAUSER AUTOMATIC PISTOL, SERIAL # 364946; ONE .45 CAL. SMITH & WESSON REVOLVER, SERIAL # 77324; ONE .38 CAL. COLT REVOLVER, SERIAL # 2781, BUTT # 2781; ONE 7.65 M.M. CAL. BERETTA AUTOMATIC PISTOL, SERIAL # 555754; ONE .38 CAL. SMITH & WESSON REVOLVER, SERIAL # 953306; ONE .45 CAL. COLT REVOLVER, SERIAL # 28360, BUTT # 131712; ONE 9 M.M. LUGER, CAL. UZI AUTOMATIC PISTOL, SERIAL # SA32120; ONE .45 CAL. RPB IND. AUTOMATIC PISTOL, SERIAL # 81-0004770; ONE .45 CAL. AUTOMATIC & SEMI–AUTOMATIC THOMPSON MACHINE GUN, SERIAL # 9937; ONE .45 CAL. US & S AUTOMATIC PISTOL, SERIAL # DEFACED; ONE .30 CAL. (UNKNOWN MANUFACTURER) MACHINE GUN, SERIAL # 2671; ONE FIREARM SILENCER & KIT; ONE .30 CAL. SPRINGFIELD BOLT ACTION RIFLE, SERIAL # 5692; ONE .223 CAL. SEMI AND FULL AUTOMATIC CARBINE, SERIAL # 1883; TWO PIPE BOMB ASSEMBLY KITS; ONE HOME MADE CANNON WITH FRAME & WHEELS; ONE POLICE BADGE—WINFIELD TOWNSHIP; ONE OPERABLE MACHINE GUN RECEIVER, SERIAL # 388890; THREE BILLY CLUBS; ONE ENGLISH DAGGER; TWENTY–FOUR METAL PIERCING BULLETS; TEN VELLET EXPLODING BULLETS, .45 ACP; SIXTEEN LAWS ROCKET LAUNCHERS; .NINE SMOKE GRENADES; FOUR BOOBY TRAP SIMULATORS; FIVE RIFLE FLARE GRENADES, AND FIVE HAND GRENADES WITH DETONATORS, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted November 22, 1988—Decided January 3, 1989.

Before Judges MICHELS, LONG and KEEFE.

*Cary Edwards,* Attorney General of New Jersey, attorney for appellant (*James R. Wronko,* Deputy Attorney General, of counsel and on the brief).

*Joseph P. Depa, Jr.,* attorney for respondent Stanley J. Gurski.

The opinion of the court was delivered by

MICHELS, P.J.A.D.

Plaintiff State of New Jersey (State) appeals from a summary judgment of the Law Division that dismissed its forfeiture action against various firearms, destructive devices and other weapons owned by defendant Stanley J. Gurski (Gurski).

A review of the procedural history giving rise to this case is important to an understanding of our resolution of this matter. On November 22, 1985, a Union County Grand Jury indicted Gurski and charged him with (1) possession of destructive devices in violation of *N.J.S.A.* 2C:39–3a; (2) possession of a machine gun in violation of *N.J.S.A.* 2C:58–5 and *N.J.S.A.* 2C:39–5a; (3) possession of firearm silencers in violation of *N.J.S.A.* 2C:39–3c; (4) the manufacture of firearm silencers in violation of *N.J.S.A.* 2C:39–9c and *N.J.S.A.* 2C:5–1a(3), and (5) the manufacture of firearms in violation of *N.J.S.A.* 2C:58–1 *et seq.* and *N.J.S.A.* 2C:39–9d. The approximately 185 firearms, numerous explosive devices and various military and related equipment that were the subject of the indictment were seized on April 18, 1985, at the home of Gurski in Roselle, New Jersey, by the New Jersey State Police pursuant to a search warrant. On April 14, 1986, following a jury trial, Gurski was acquitted of all charges.

On May 7, 1986, Gurski filed a motion in the Law Division for return of the various weapons and destructive devices that were the subject of the indictment. In addition, he sought the return of all other items seized by the State Police on April 18, 1985. The State did not oppose this motion. Consequently, on June 10, 1986, the trial court ordered the return of all property seized by the State Police on April 18, 1985. Upon receipt of the trial court's order commanding the return of Gurski's property, the State apparently for the first time undertook a

review of the items seized to determine if any of them were illegal *per se* and constituted contraband which should not be returned. On September 15, 1986, the State informed Gurski that certain items were illegal contraband and, therefore, the State Police would not return them. Specifically, the State claimed that the following items were illegal contraband:

Wrist sling shot
7.63 m.m. cal. Mauser auto pistol, # 364946
.45 cal. Smith Wesson revolver, # 77824
.38 cal. Colt revolver, # 2781
7.65 m.m. cal. Beretta auto pistol, # 555754
.38 cal. Smith & Wesson revolver, # 953306
.45 cal. Colt revolver, # 28360 Butt, # 131712
9 m.m. Luger, cal. UZI auto pistol, # SA32120
.45 cal. RPB Ind. auto pistol, # 81-0004770
.45 cal. Thompson machine gun, # 9937
.45 cal. US & S auto pistol, serial # ground off
.30 cal. machine gun, # 2671
firearm silencer & kit
.30 cal. Springfield bolt action rifle, # 5692
.223 cal. Palmetto Carbine, # 1883
two pipe bomb assembly kits
cannon with frame & wheel

In addition, the State informed Gurski that the following items would not be returned:

Police badge—Winfield Township
Operable machine gun receiver, # 388890
Three billy clubs
English dagger
Metal piercing bullets
Vellet exploding bullets, .45 ACP
Laws rocket launchers
Smoke grenades
Booby trap simulators
Rifle flare grenades
Hand grenades with detonators

On September 19, 1986, more than one year after the property was seized and approximately three months after the trial court ordered its return, the State Police returned to Gurski all

property seized with the exception of those items that it considered to be contraband.

Gurski moved for sanctions against the State for failure to comply with the June 10, 1986, court order. The State contended that sanctions should not be imposed since it had attempted in good faith to comply with the order by returning all of Gurski's property with the exception of the alleged "*prima facie* contraband," which it claimed could not be legally returned. Following argument, the trial court on May 28, 1987, entered an order that required the State to return "any and all property held by it to [Gurski] ... within 20 days." The order stated further that if the State did not return the property within 20 days or file an appeal with this court and obtain a stay of the order, a sanction of $100.00 per day would be imposed for each day the State was in violation of the order. In addition, the trial court awarded Gurski's attorney a fee in the amount of $500.00.

On June 18, 1987, the State appealed, and immediately moved for a stay of the order. On June 19, 1987, we stayed the order for 10 days to enable the State to institute forfeiture proceedings and to seek a court order impounding the alleged items of contraband pursuant to the provisions of *N.J.S.A.* 2C:64–1 *et seq.* We also ordered the State to furnish Gurski with a list of all items seized and the name and address of the person having custody and control over the property. On November 23, 1987, we affirmed the order of the Law Division awarding Gurski counsel fees in an unpublished opinion, *State v. Gurski* (A–4783–86T5).

On or about June 29, 1987, pursuant to our order, the State filed a civil complaint in forfeiture in the Law Division. The State sought a judgment (1) extinguishing any and all property rights or claims that Gurski may have had in the property listed in the caption and (2) confirming that the ownership of that property vested in the State at the time of its seizure, pursuant to *N.J.S.A.* 2C:64–1a(1) and *N.J.S.A.* 2C:64–2. On February 8,

1988, the scheduled trial date, the State and Gurski, by and through their respective trial counsel, entered into a tentative settlement. Gurski and the trial court, however, were later notified that the proposed settlement had not been approved by State authorities. The trial court thereupon directed all counsel, as well as a representative of the State Police, to appear and explain why the proposed settlement could not be finalized. On April 15, 1988, the parties appeared pursuant to the trial court's directive and the State's trial counsel informed the trial court that Clinton Pagano, the Superintendent of the New Jersey State Police, had disapproved the proposed settlement. Gurski then moved for summary judgment dismissing the forfeiture claim. The trial court granted the motion, reasoning simply that "the matter was decided, an order was entered and there was no appeal taken from that order. The matter is *res judicata.*" This appeal followed.

The State contends that the trial court erred in granting summary judgment dismissing its forfeiture complaint on the grounds of *res judicata.* The State admits that it made a mistake in not opposing the motion that resulted in the order of June 10, 1986, and in not moving pursuant to *R.* 4:50 for relief from that order. Nonetheless, the State argues that the trial court, despite the State's shortcomings in handling this matter, should not have ordered the return of the dangerous weapons without conducting a full and fair proceeding to determine the exact nature of the items sought to be forfeited, particularly in view of the fact that it has never conclusively been established that the items seized by the State Police are not *prima facie* contraband. We agree and reverse.

The State's failure to contest the return of the seized property, whether the result of mistake or neglect on the part of the Deputy Attorney General or the State Police official handling this matter, cannot operate to negate the State's responsibility and duty to provide for the public safety of its citizens in seeking the forfeiture of *prima facie* contraband

pursuant to the provisions of the New Jersey Code of Criminal Justice (Code). *N.J.S.A.* 2C:64-1 *et seq. N.J.S.A.* 2C:64-1 of the Code specifically describes property that is subject to forfeiture and in which no property right shall exist. *N.J.S.A.* 2C:64-2 and *N.J.S.A.* 2C:64-3 set forth the procedure to be followed with respect to the forfeiture of *prima facie* contraband and property other than *prima facie* contraband.[1] *See State v. Cavassa,* 228 *N.J.Super.* 204, 209 (App.Div.1988). Here, there has never been a judicial determination as to whether the property seized constitutes *prima facie* contraband under *N.J. S.A.* 2C:64-1, and on the sparse record before us we cannot make such a determination.

Moreover, balancing the principle of finality of judgments with the equally important principle that justice should be done in every case and with the paramount concern of the public safety, we are convinced that the uncontested order of June 10, 1986, should not be given *res judicata* effect to bar the present forfeiture proceedings. The doctrine of *res judicata* is not absolute. *See Hodgson v. Applegate,* 31 *N.J.* 29, 43 (1959); *Matter of Coruzzi,* 95 *N.J.* 557, 568 (1984), app. dism., 469 *U.S.* 802, 105 *S.Ct.* 56, 83 *L.Ed.*2d 8 (1984); *Plainfield v. Public Service Electric and Gas Co.,* 82 *N.J.* 245, 258–259 (1980). To permit the return of weapons that may constitute *prima facie* contraband, solely by reason of the State's failure

---

[1] *N.J.S.A.* 2C:64-3, in pertinent part, provides:

a. Whenever any property other than prima facie contraband is subject to forfeiture under this chapter, such forfeiture may be enforced by a civil action, instituted within 90 days of the seizure and commenced by the State and against the property sought to be forfeited.

It appears that the 90 days within which the State could enforce the forfeiture of property seized by the State Police, other than *prima facie* contraband, passed before this action was commenced. Moreover, it does not appear that any application was ever made by the State for an extension of time within which to institute this forfeiture proceeding with respect to property other than *prima facie* contraband. *See State v. Cavassa,* 228 *N.J. Super.* 204, 210 (App.Div.1988); *State v. Cunningham,* 186 *N.J.Super.* 502, 510 (App.Div.1982).

to contest the June 10, 1986, order or to move for relief from that order, is contrary to the interests of justice and may adversely affect the public safety. The State, therefore, should have an opportunity to present evidence to establish that the property seized constitutes *prima facie* contraband within the forfeiture provisions of the Code.

Accordingly, the summary judgment under review is reversed and the matter is remanded to the trial court to enable the State to prosecute its forfeiture proceedings in accordance with the provisions of *N.J.S.A.* 2C:64–1 *et seq.*