262 N.J. Super. 257 (1993)
620 A.2d 1065
LEONARD E. DRAGUTSKY, PLAINTIFF-APPELLANT,
v.
HERBERT H. TATE, ESSEX COUNTY PROSECUTOR, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 10, 1992.
Decided February 19, 1993.
*259 Before Judges PRESSLER, R.S. COHEN and MUIR, Jr.
Venturi and Schlich, attorneys for appellant (Shaun R. Schlich on the letter brief).
Stephen J. Edelstein, Essex County Counsel, attorney for respondent (Charles Rawitz, Assistant County Counsel, on the letter brief).
The opinion of the court was delivered by R.S. COHEN, J.A.D.
This is a civil action against the Essex County Prosecutor seeking the return of $6,485.76 seized from plaintiff when he was arrested in 1987. The action was dismissed as untimely. We reverse.
Plaintiff and a friend were arrested in a car in Bloomfield. The friend was driving and plaintiff was the passenger. We cannot tell from the fragmentary record what led to the arrest. All we know is that plaintiff and his friend were both charged with the disorderly persons offense of possessing CDS or a CDS analog and failing "to voluntarily deliver the substance to the nearest law enforcement officer," N.J.S.A. 2C:35-10c. The friend was found guilty in the Municipal Court. Plaintiff was given a conditional discharge. See N.J.S.A. 2C:36A-1.
*260 When he was arrested, plaintiff was carrying cash in the amount of $6,485.76. In an affidavit, plaintiff says his friend was driving him to take his auto driver's examination, and the money, "was to be used to purchase a vehicle upon [his] passing the aforementioned driving examination." The money was transferred after seizure to the Essex County Prosecutor's Office. The Office declined to return the money to plaintiff "because it was believed that the money was connected with narcotics activity."
There the matter stood until plaintiff started this action in replevin. The Law Division dismissed it on the ground that it was barred by a three-year statute of limitations contained in the forfeiture statute. We disagree with that reading.
The statute subjects to forfeiture all "prima facie contraband," which is CDS, firearms which are unlawfully possessed, carried, acquired or used, illegally possessed gambling devices, and untaxed cigarettes. N.J.S.A. 2C:64-1a(1). In addition to prima facie contraband, the statute also permits forfeiture of all property used or intended to be used "in furtherance of an unlawful activity, including conveyances and real estate," N.J.S.A. 2C:64-1a(2); property which has become or is intended to become "an integral part of illegal activity," N.J.S.A. 2C:64-1a(3); and proceeds of illegal activities, including property or money obtained as the result of the sale of prima facie contraband, N.J.S.A. 2C:64-1a(4).
N.J.S.A. 2C:64-1b makes it crystal clear that prima facie contraband and property posing an immediate threat to public health, safety or welfare may be seized without process, and that all other property subject to forfeiture may be seized as evidence for a criminal prosecution or by process issued by any court of competent jurisdiction, except when such seizure would not be inconsistent with constitutional law. Seizure, however, is not the end of the story. It is not equivalent to forfeiture.
Forfeiture of prima facie contraband after completion of the criminal proceeding, subject to the rights of innocent *261 other persons, does not require a judicial proceeding. Forfeiture of other property, however, requires the State to initiate a civil action within ninety days of the seizure. N.J.S.A. 2C:64-3a. State v. Cavassa, 228 N.J. Super. 204, 549 A.2d 458 (App. Div. 1988). It is an in rem action against the property itself. Notice must be given to all persons known to have an interest in the property. N.J.S.A. 2C:64-3c. Notice requirements for in rem actions must be satisfied. See R. 4:4-5; 4:26-5.
It is noteworthy that the statute as originally adopted contained no deadline for the State to file the forfeiture action. L. 1978, c. 95. A 1979 amendment established a thirty-day deadline, L. 1979, c. 344, § 3. In 1981, the statute was again changed to give the State ninety days to sue. L. 1981, c. 290, § 48. N.J.S.A. 2C:64-3a.
The point is that time limits for the State to bring a forfeiture action were the subject of legislative attention and change on two occasions. That fact refutes any argument that a civil action is optional when the State seeks to forfeit non-prima facie contraband. Such an argument might arise from the statutory language of N.J.S.A. 2C:64-3a:
Whenever any property other than prima facie contraband is subject to forfeiture under this chapter, such forfeiture may be enforced by a civil action, instituted within 90 days of the seizure . .. [emphasis added]
The meaning of the law is that the State is not dutybound to seek forfeiture of every piece of property that could be forfeited, but if the State does seek forfeiture of non-prima facie contraband, it must proceed by a civil action. Failure to do so deprives the State of its right to retain the articles.
After provisions dealing with the rights of innocent owners, lessors, and secured parties, the statute presents a provision limiting claims to a period of three years from seizure of the property. It is this provision that the Law Division said barred plaintiff's claim:
Any person who could not with due diligence have discovered that property which he owns was seized as contraband may file a claim for its return or the value thereof at the time of seizure within 3 years of the seizure if he can *262 demonstrate that he did not consent to, and had no knowledge of its unlawful use. If the property has been sold, the claimant receives a claim against proceeds.
The judge held that any person claiming an interest in forfeited property has to file the claim within three years of seizure. The error in the analysis is that it omits an essential and expected step in the proceedings, which is the civil forfeiture action which has to be commenced by the State in order to forfeit non-prima facie contraband. In that action the parties known to the State are given notice and, if they do not answer the complaint, the State prevails by default. N.J.S.A. 2C:64-3e. There is, however, the possibility that innocent parties are unaware of the seizure even though the State has followed proper statutory procedures. It is those people that N.J.S.A. 2C:64-8 deals with. And it was designed not to bar their claims, but to protect them from their innocent failure to contest the State's forfeiture action.
It is a rare case indeed in which the owner, from whom $6,485.76 in cash is seized at the time of arrest, will be involved with the three-year claim provision. First of all, the arrested owner is simply not a person "who could not with due diligence have discovered that property that he owns was seized as contraband." Secondly, the arrested owner will be given notice of the forfeiture action which the statute contemplates the State's commencing within ninety days of seizure.
It is thus clear that the persons given three years to make a claim are those who were unaware of the seizure, either through witnessing it or by being given notice of the forfeiture proceedings. Other persons are not given three years because they have the opportunity to make their claims by filing answers in the forfeiture action. Failure to file an answer is an abandonment of that opportunity, N.J.S.A. 2C:64-3a.
In the case of prima facie contraband the statute is not so clear. The State does not bring a civil action for forfeiture, but merely retains the article, subject to the rights of owners, *263 lessors, and others holding interests. N.J.S.A. 2C:64-2 and 5. The three-year claim bar of N.J.S.A. 2C:64-8 seems appropriately worded to apply in such cases to innocent persons unaware of the seizure. Whether and how it applies to innocent persons with knowledge of the seizure, persons who also have the right to file a claim, is a problem not necessary to solve in this case.
Johnson v. Schneider, 212 N.J. Super. 442, 515 A.2d 293 (Law Div. 1986) may appear at first glance to be contrary to our views. There, a suit against the State to replevin a handgun was held to be barred by N.J.S.A. 2C:64-8 because it was filed more than three years after the gun was seized. Plaintiff was charged with aggravated assault but the charges were no-billed by the grand jury. N.J.S.A. 2C:64-1a(1) treats "firearms which are unlawfully possessed, carried, acquired or used" as prima facie contraband. Thus, the State did not have to bring a civil forfeiture action, and the claimant had to file his own action in replevin. The Law Division applied the three-year bar, even though the claimant made no assertion that he was unaware of the seizure. This was on the thesis that a person with knowledge cannot be given more time than a person without knowledge. Because prima facie contraband was involved, the case is not apposite.
We hold that the three-year bar of N.J.S.A. 2C:64-8 is not properly applied to a person who claims an interest in nonprima facie contraband that is held by the State but was never made the subject of a civil forfeiture action. The order dismissing plaintiff's complaint is reversed.
We are aware of Sawran v. Lennon, 19 N.J. 606, 118 A.2d 10 (1955), and State v. One (1) 1979 Chevrolet Camaro Z-28, 202 N.J. Super. 222, 494 A.2d 816 (App.Div. 1985). Those cases stand for the proposition that the forfeiture statute applies only to criminally unlawful acts, and not acts which are less than criminal or which carry only pecuniary penalties. Plaintiff cites these authorities as further reason for reversal.
*264 We do not deal with that issue because it is unnecessary to do so, and inappropriate to do so on this bare and uninformative record. The State has not brought any action to forfeit the money in the five and one-half years since it was seized. Assuming there is some flexibility in the ninety-day requirement, see State v. Cavassa, supra, 228 N.J. Super. at 210, 549 A.2d 458, it surely cannot stretch that far, at least without some extraordinary excuse. We need not deal with the question whether the State, if barred by the ninety-day requirement of N.J.S.A. 2C:64-3a, may nevertheless employ one of the procedures provided by N.J.S.A. 2A:37 to escheat abandoned property. If it may not do so, the danger may exist of an endless standoff as to the appropriate disposition of seized personalty.
Reversed.