**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2713-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SCOTT GEDDES, a/k/a
SCOTT D. GEDDES,

    Defendant-Appellant.

_____

Submitted October 20, 2020 – Decided December 23, 2020

Before Judges Moynihan and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Accusation No. 14-05-0625.

Joseph E. Krakora, Public Defender, attorney for appellant (Elizabeth C. Jarit, Deputy Public Defender, of counsel and on the briefs).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Ian C. Kennedy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals the denial of his motion to compel the State of New Jersey to return items that were seized when he was arrested in 2014 for impersonating a law-enforcement official and other crimes. We agree that the motion should have been denied, not for the reasons expressed by the motion judge, but because it was procedurally improper, and on that limited basis we affirm.

While investigating a car accident, police officers noticed defendant's parked car, which was decorated to look like an unmarked law-enforcement vehicle. When questioned by one of the officers, defendant identified himself as a law-enforcement officer and produced an identification card indicating he was an officer. After defendant failed to provide other information regarding his law-enforcement job, the officer asked him to exit his vehicle and took from defendant a loaded revolver, a knife, and six rounds of bullets. In defendant's wallets, the officers found identification cards in defendant's name from other law-enforcement agencies, a handcuff key, a Miranda warning card, and a Los Angeles Police Department "get out of jail free" card. With defendant's consent, one of the officers searched his vehicle and found bags containing clothing, a

bag containing "an extensive amount of badges," and a bullet-proof vest.[1]  The officers brought defendant to their station, where he confessed that he was not a police officer, and impounded his vehicle.

Defendant was charged with unlawful possession of a handgun without a permit, N.J.S.A. 2C:39-5(b); possession of a handgun by a certain person not to possess weapons, N.J.S.A. 2C:39-7(a); impersonating a law-enforcement officer, N.J.S.A. 2C:28-8(b); possession of a false government-issued identification, N.J.S.A. 2C:21-2.1(d); knowingly exhibiting a false government-issued document, N.J.S.A. 2C:21-2.1(e); possession of certain prohibited weapons, N.J.S.A. 2C:39-3(c); and the disorderly persons offense of possession of handcuffs, N.J.S.A. 2C:39-3(k).  Pursuant to a plea agreement, defendant pled guilty to one count of second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b), and agreed to forfeit "the weapon in question and any ammunition that was seized."

Defendant was sentenced to five-years imprisonment with three years of parole ineligibility.  The remaining charges were dismissed.  During the

---

[1]  During oral argument before the motion judge, the assistant prosecutor identified other seized items that were not referenced in the complaint:  knives, police notepads, a radio, and a baton.  In its appellate brief, the State references handcuffs and a gas mask.

sentencing the assistant prosecutor noted "one other stipulation": "[h]e's got to forfeit all the weapons that they found." The sentencing judge confirmed with both counsel that additional stipulation: as part of the plea agreement defendant would forfeit "all weapons." Defense counsel did not object and thanked the court. The judgment of conviction provided that defendant was to "forfeit weapons." Defendant did not move to correct or amend that judgment.

When he completed his prison sentence, defendant contacted the police department to retrieve the property and was told that the prosecutor's office had to authorize the release of any seized evidence. In a 2018 email to a member of the prosecutor's office, defense counsel stated that defendant understood that he could not recover "weapons or weapons related items," which she identified as "handgun, holster, ammo belt pouch and bullets," or law-enforcement "identification cards that have his name on it" and that defendant was "mainly looking for the badges."[2] She asked for an appointment to inspect the property so defendant could identify what he wanted returned. According to counsel, she

_____

[2] During oral argument, defense counsel represented to the motion judge that defendant "is willing to accept the fact that some of these badges could constitute contraband, but not all" and indicated that defendant had "conceded" that "[a]nything with his name and picture, associated with the badge in one of those fold outs" could be "misconstrued as contraband." She represented that defendant "only wanted the badges that did not have . . . the fold out, his name, his picture."

4                                                              A-2713-18T3

was advised that the prosecutor's office intended to prepare an inventory of the items and to determine what, if anything, it would release to him. She received no further communication regarding the inventory effort.

In this closed criminal case defendant moved to compel "the Immediate Release of Personal Property." Defendant did not support that motion with his certification, but with the certification of his attorney, who represented that defendant "only wanted his personal property and was not seeking a return of any contraband." Neither defendant nor his counsel identified what constituted his "personal property" and what was contraband. Defense counsel also asserted, without personal knowledge and contrary to Rule 1:6-6, that "[s]ome of these items have sentimental value and cannot be replaced." She did not identify what those items were. Other than his counsel's statement and a reference to her email, defendant did not identify the specific items he wanted returned to him. Citing the Attorney General Guidelines for the Retention of Evidence (Guidelines), the State asserted that defendant was not entitled to recover the property because it was evidence of defendant's unlawful effort to impersonate a police officer. In reply, defendant argued that that dismissed charge could not be the basis for the State's retention of the seized property,

noting that the State had not asked defendant to forfeit the property in the plea agreement.

Although the State in its opposition to defendant's motion had not referenced New Jersey's forfeiture statute, N.J.S.A. 2C:64-1 to -9, the motion judge "interpret[ed] the State's general argument as an implicit invocation" of it. While recognizing that the State had "declined to seek forfeiture of the property" and acknowledging that "these are not forfeiture proceedings," the motion judge nevertheless found based on the "interplay between the forfeiture statute . . . and the Guidelines," that defendant "is not permitted to recover any property seized . . . that was an integral part of, or used in furtherance of, the unlawful activity of impersonating a police officer" and denied defendant's motion.

Defendant appeals, arguing that the forfeiture statute did not and could not prevent the return of the property because the State had not instituted a civil action for forfeiture within ninety days of the seizure, pursuant to N.J.S.A. 2C:64-3(a). Alternatively, defendant contends that none of the seized property was prima facie contraband and that the motion judge erred in finding the State had established under N.J.S.A. 2C:64-1(a) that the badges and bullet-proof vest were an integral part of defendant's commission or intended commission of the crime of impersonating a police officer and, thus, were derivative contraband.

In response, the State concedes that it is not holding the property as evidence and no longer relies on the Guidelines to prevent its return. The State now asserts that except for defendant's "personal clothing," the remaining seized items are or "may also be" prima facie or derivative contraband. The State faults defendant for seeking on appeal the return of items he had not sought in his motion or had forfeited in his plea agreement. The State asserts that the motion judge properly forfeited prima facie contraband, which the State contends includes false law-enforcement credentials, and, if the badges are not prima facie contraband, the motion judge properly found that the badges and bullet-proof vest were derivative contraband. The State excuses its failure to file timely a forfeiture action regarding the derivative contraband, which defendant raised for the first time on appeal, as something that "should yield to the State's paramount interest in public safety," while faulting defendant for not filing a civil replevin action under N.J.S.A. 2B:50-1 to -5 and Rules 4:61-1 to -5. The State for the first time in this appeal argues that defendant's 2018 motion somehow rendered any State forfeiture action concerning its 2014 seizure of property duplicative, thereby justifying the State's failure to file its action. The State correctly notes that "the record lacks any development of the reasons for the State not filing," attributing that deficiency to defendant's failure to raise

below the State's failure to comply with the ninety-day filing deadline set forth in N.J.S.A. 2C:64-3.

In reply, defendant now contends that he is entitled to the return of all seized property, except what was forfeited in the plea agreement, which he limits to the handgun and ammunition, disregarding the additional stipulation as to the forfeiture of "all weapons" reached at sentencing and memorialized in the judgment of conviction and his counsel's 2018 email and representations to the moving judge stating that defendant sought the return only of badges that did not bear his name. He asserts that none of the items he seeks is prima facie contraband, contending, with no support in the record and no specifics as to which items he is referencing, that he "possessed these items as a hobby." He faults the State for not bringing a forfeiture action and for not meeting its burden of proof under the forfeiture statute and excuses his failure to file a replevin action.

A defendant has a right not to be deprived of property without due process under the Fourteenth Amendment. State v. Melendez, 240 N.J. 268, 272, 277 (2020). Given that constitutional right, "[a]s a general rule, forfeiture statutes are disfavored and are strictly construed against the State." Id. at 278.

New Jersey's forfeiture statutory scheme, N.J.S.A. 2C:64-1 to -9, creates two categories of property subject to forfeiture: (1) prima facie contraband and (2) derivative or non-prima facie contraband. State v. Seven Thousand Dollars, 136 N.J. 223, 233 (1994). The Legislature expressly designated certain items as prima facie contraband, including "firearms which are unlawfully possessed." N.J.S.A. 2C:64-1(a)(1). Non-prima facie or derivative contraband, such as "property which has been, or is intended to be, utilized in furtherance of an unlawful activity" or "which has become or is intended to become an integral part of illegal activity," also may be subject to forfeiture. N.J.S.A. 2C:64-1(a)(2) to (3).

"Prima facie contraband is automatically forfeited once seized by the State." Seven Thousand Dollars, 136 N.J. at 233; see also N.J.S.A. 2C:64-2; Melendez, 240 N.J. at 279. The State does not have to initiate a judicial proceeding for the forfeiture of prima facie contraband. Dragutsky v. Tate, 262 N.J. Super. 257, 260-61 (App. Div. 1993); see also Melendez, 240 N.J. at 278-79 (finding that the State "may" file a forfeiture action regarding prima facie contraband, but is not bound by the timeframe set forth in N.J.S.A. 2C:64-3); State v. One Wrist Sling Shot, 230 N.J. Super. 498, 503-04 (App. Div. 1989).

"[T]o enforce forfeiture of derivative contraband[,] the State must bring a civil action within ninety days of the seizure against the property sought to be forfeited." Seven Thousand Dollars, 136 N.J. at 233; see also N.J.S.A. 2C:64-3(a); Melendez, 240 N.J. at 279. In that action, "the State must prove by a preponderance of the evidence that the derivative contraband seized 'was connected to unlawful activity.'" Melendez, 240 N.J. at 280 (quoting Seven Thousand Dollars, 136 N.J. at 233).

Because the State does not have to file a forfeiture action regarding prima facie contraband, a claimant who seeks the return of prima facie contraband has to file a replevin action. Dragutsky, 262 N.J. Super. at 263. The State "should have an opportunity to present evidence to establish that the property seized constitutes prima facie contraband." One Wrist Sling Shot, 230 N.J. Super. at 505. Where the State has not instituted foreclosure proceedings for derivative contraband under N.J.S.A. 2C:64-3, a claimant who seeks the return of derivative contraband may file a replevin action, which is "the correct form of procedure." State v. Cavassa, 228 N.J. Super. 204, 210 (App. Div. 1988); see also State v. Howery, 171 N.J. Super. 182, 184 (App. Div. 1979) (finding that "proper procedure which defendant should have followed was to file a complaint seeking replevin of the property"); State v. One 1976 Pontiac Firebird, 168 N.J.

Super. 168, 177-78 (App. Div. 1979). A defendant may file a motion for the return of property in a criminal case if his "claim raise[s] no disputed issues." Cavassa, 228 N.J. Super. at 210-11.

In defendant's claim, nearly everything is disputed. It isn't even clear what items the State seized and what items defendant wants returned. The State has not provided an inventory of the seized items but instead submitted a photograph too blurry for a detailed examination of the items depicted, which do not appear to be all of the items seized. The descriptions of the items seized presented in the complaint, at oral argument, and in the State's appellate brief are not consistent. Defendant has been inconsistent in referencing the items he wants returned, ranging from irreplaceable items of sentimental value (which defendant does not identify) to badges without his name to everything but the handgun and bullets. Defendant asserts that none of the items is prima facie contraband. The State contends that some are or "may also be" prima facie contraband.

We agree that defendant's motion should have been denied but not for the reasons articulated by the motion judge. Defendant's motion was procedurally improper. Instead of filing this motion in a criminal case that had been closed since his 2014 sentencing, defendant should have filed a complaint in the Law

11

Division specifying and seeking the seized property he wants returned. Instead of denying defendant's motion as being procedurally improper, the motion judge erred in attempting to decide a forfeiture action even though the State hadn't filed one and had not relied on the forfeiture statute in opposing defendant's motion. On the sparse and murky record before her, the motion judge should not have considered the motion substantively. Unlike Cavassa, this case does not involve a "claim [that] raised no disputed issues" and, thus, is not appropriate for "economical" motion practice in the closed criminal case. 228 N.J. Super. at 210-11.

A full and fair proceeding in a case brought by defendant would allow the parties to determine the exact nature of the items defendant seeks to have returned to him and the items the State seeks to retain, whether any of those items constitute prima facie or derivative contraband, and whether the State has any viable defense to the return of derivative contraband given that it did not file a forfeiture case pursuant to N.J.S.A. 2C:64-3.[3] Through that procedure, the

---

[3] As in Dragutsky, we "need not deal with the question whether the State, if barred by the ninety-day requirement of N.J.S.A. 2C:64-3a, may nevertheless employ one of the procedures provided by N.J.S.A. 2A:37 to escheat abandoned property." 262 N.J. Super. at 264.

parties can create a proper record on which to adjudicate any dispute as to ownership and release of the property held by the State.

Although we affirm the end result of the motion judge's decision – the denial of the motion – the substance of her decision should not be given any res judicata effect including as to defendant's right to the return of seized property, the State's right to retain that property, or what constitutes prima facie or derivative contraband. In whatever procedurally proper matter that may follow this decision, the parties will then have a full opportunity to develop and provide support regarding their respective entitlement to the retention or return of the seized property and a judge can decide the issues presented on a fully developed record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-2713-18T3