**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1192-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FOUR THOUSAND NINE
HUNDRED TEN DOLLARS
($4,910.00) in UNITED
STATES CURRENCY and a
2007 DODGE RAM 3500
VIN 3D7ML48A47G7801271,

    Defendant-Appellant.

_____

Submitted December 10, 2024 – Decided January 24, 2025

Before Judges Gilson and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-1567-16.

Guilio Mesadieu, appellant pro se.

William A. Daniel, Union County Prosecutor, attorney for respondent (Michael G. Henn, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Guilio Mesadieu appeals from a November 3, 2023 order denying his motion seeking reimbursement of costs of lost property, damages, fees and lost wages related to property subject of a dismissed forfeiture action. We affirm but for reasons other than those expressed by the Law Division.

I.

We briefly summarize the facts from the motion record relevant to this appeal. In February 2016, defendant was charged with a weapons offense. At the time of his arrest, law enforcement seized four thousand nine hundred and ten dollars ($4,910) and a 2007 Dodge Ram 3500 truck (Dodge Ram) owned by defendant.

In May 2016, the State filed a forfeiture complaint, seeking to obtain the rights to the currency and the Dodge Ram. Shortly thereafter, the court issued a stay of the forfeiture proceedings pending the resolution of defendant's criminal case. On April 18, 2018, a jury convicted defendant of second-degree unlawful possession of a weapon, and he was subsequently sentenced to an aggregate term of eight years imprisonment with a forty-two-month period of parole ineligibility pursuant to the Graves Act.

A-1192-23

The stay of the forfeiture action was lifted, and the matter was scheduled for trial on August 20, 2018. Defendant was in State Prison at the time of trial and neither he nor his previously assigned attorney appeared for trial. The court issued an order for default judgment against the Dodge Ram and the $4,910.

Defendant filed a motion to vacate default, which was denied on August 2, 2019. Defendant appealed the denial. On July 19, 2022, we reversed the August 2, 2019 order on due process grounds and remanded the case to the trial court.[1] On June 23, 2023, the court dismissed the forfeiture action against defendant with the State's consent.

On July 25, 2023, defendant, representing himself, filed a motion seeking reimbursement for costs and filing fees with the Appellate Division, which we denied on August 17, 2023 as out-of-time pursuant to N.J.S.A. 2A:15-65. Simultaneously, defendant filed a motion in the Law Division seeking what appeared to be similar relief. In a November 3, 2023 order and accompanying statement of reasons, the Law Division denied the relief sought as moot, concluding that the present motion had been resolved by our August 17, 2023 order. This appeal follows.

---

[1] State v. Four Thousand Nine Hundred Ten Dollars in U.S. Currency, No. A-0307-19 (App. Div. July 19, 2022).

II.

We review de novo a court's "interpretation of the law and the legal consequences that flow from established facts" and owe no deference to the trial court. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995); Zabilowicz v. Kelsey, 200 N.J. 507, 512-13 (2009).

Defendant contends the Law Division court erred in denying his motion for reimbursement for his lost properties for three reasons: (1) wrongly confusing the relief sought in the motion filed before the Appellate Division and the motion filed in the Law Division; (2) determining the motion was moot; and (3) denying defendant reimbursement for the wrongfully seized property.

On or about July 18, 2023, defendant filed a motion before us seeking reimbursement for costs and filing fees on appeal. On or about the same date, he submitted in the Law Division under the civil forfeiture action (L-1567-16) a notice of motion seeking reimbursement for the cost of lost properties, damages, fees, and lost wages. While both motions arose from the seizure of his property and the dismissal of the forfeiture complaint, the relief sought was different.

4

In his motion before the Law Division, defendant sought either the return of or compensation for the property seized. Before us, defendant sought reimbursement for expenses incurred during his appeal. Based upon the Law Division's statement of reasons, it appears that the court incorrectly concluded that the relief defendant sought before the Law Division was the same relief he sought before us. Therefore, the Law Division erred in concluding that defendant's motion was moot.

Nonetheless, as the State points out, defendant need only to have filed a complaint seeking replevin, or return, of the property seized by the State pursuant to N.J.S.A. 2C:64-3; namely, the Dodge Ram and $4,910 in currency, and such property should have been returned to him. See State v. Howery, 171 N.J. Super. 182, 184 (App. Div. 1979) (citing State v. Hughes, 138 N.J. Super. 298, 301 (Law Div. 1975)). Defendant failed to file a replevin action. Instead, defendant filed his motion for return of or compensation for the seized property under the civil forfeiture complaint (L-1567-16), which was dismissed on June 23, 2023.

We recognize that a defendant has the right not to be deprived of property without due process under the Fourteenth Amendment. State v. Melendez, 240 N.J. 268, 272 (2020). However, "[t]he proper procedure which defendant should

A-1192-23

have followed was to file a complaint seeking replevin of the property." Howery, 171 N.J. Super. at 184 (citing Hughes, 138 N.J. Super. at 301). We agree that the motion should have been dismissed but not for the reasons articulated by the Law Division judge; instead, the motion should have been dismissed as procedurally improper because it was filed under the dismissed forfeiture action.

A replevin complaint properly brought by defendant will allow for a full and fair hearing regarding the matter and allow for the parties to determine the nature of the items defendant seeks to have returned to him, whether the State has possession of those items, and whether the State has any viable defense to the return of those items. Although we affirm the Law Division's decision denying defendant's motion, our decision is without prejudice to defendant's right to file an appropriate action seeking the return of the property. Because defendant will have the opportunity to file a replevin action and litigate the return of his property in that context, we need not address his argument that the motion judge erred in not granting him full reimbursement for his property.

To the extent we have not addressed defendant's remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1192-23